NEW-YORK,
Oct. 1815.

BRONSON
and
MITCHILL,

*In the matter of* BRONSON *and* MITCHILL.

Affidavits for an attachment, must be entitled in the *civil* suit, until the attachment is granted; after which the proceedings must be in the name of the *people.* But it *seems* that affidavits to support a motion for an attachment against a printer of a newspaper, reflecting on the parties, or proceedings, in a cause pending in the court, need not be entitled at all; and if entitled erroneously, they cannot be read. Whether they may be not entitled in the civil suit\pending? *Quære.* * 7 *Term Rep.* 489. 2 *East,* 182.

MUNRO moved for a rule to show cause why an attachment should not issue against *Mitchill*, for a publication in a gazette, of which he was the editor, reflecting on *Bronson*, for bringing a certain suit, in which he was plaintiff, and which was pending in this court.

The affidavits, on which the motion was founded, were entitled, " In the matter of *Isaac Bronson* and *Caldwell Mitchill*;" and *Colden* objected, that the affidavits not being properly entitled, in the suit pending here, ought not to be read. He cited *Folger* v. *Hoogland*, (5 *Johns. Rep.* 235.,) in which the court said, that until the attachment was granted, the affidavits ought to be entitled in the original or civil suit; but after the attachment, the proceedings must be in the name of the people. This was the practice of the court of K. B. in *England*, as settled in the case of *Wood* v. *Webb*, (3 *Term. Rep.* 253.,) where the contrary practice laid down in *The King* v. *The Sheriff of Middlesex*, (3 *Term Rep.* 133.,) was explained and overruled.*

THOMPSON, Ch. J.   The affidavits are wrongly entitled. Until an attachment issues, the affidavits must be entitled in the civil suit.   There is no such suit pending here as that mentioned in the title of these affidavits.

SPENCER, J.   I do not think that, on an application of this kind, the affidavits ought to be entitled at all; but here they are entitled, and erroneously, and cannot be read.

VAN NESS, J.   I do not consider it necessary that the affidavits should be entitled at all, and the present title may be rejected as surplusage. It is merely to inform the court, that *Bronson* is the relator in a matter in which *Mitchill* is concerned.

YATES, J.   I agree with the chief justice, that the affidavits are not properly entitled, and cannot be read.

PLATT, J. This is like an application for an information, and no title to the affidavits was necessary; but I concur with my brother *Van Ness*, in the opinion, that the title given in the affidavits ought to be rejected as mere surplusage.(a)

NEW YORK,
Oct. 1815.

(a) In *Haight* v. *Turner*, (2 *Johns. Rep.* 371,) the court said, that an affidavit, on which to ground a motion for a *mandamus* to a court of C. P., must not be entitled, for the same reason, that, according to the practice in the *English* courts, affidavits on a motion for an information, or to hold to bail, must not be entitled, namely, because there is, *at the time* the affidavit is made, no cause pending in the court. As to entitling affidavits, the *English* cases appear to have been fluctuating and contradictory, it being a matter of form, and not much regarded. But the court of K. B. 37 *Geo* III. *Trin.*, settled the practice as to affidavits to hold to bail, by a general rule, declaring that they should not be entitled, in any cause. (*King* v. *Cole*, 6 *Term Rep.* 640. *Hollis* v. *Brandon*, 1 *B.* & *P.* 36. *Green* v. *Redshaw*, *id.* 227. *Clarke* v. *Cawthorne*, 7 *Term Rep.* 321. *Id. R. G.* 454.) In *Rex* v *Lawrence*, (*Sayer*, 218,) it was decided, that on a motion for a rule to show cause why an information for a misdemeanor should not be filed, the affidavits ought not to be entitled, because, until the rule was granted, there was no cause depending in court. The same point was ruled in *Rex* v. *Jones*, and *Rex* v. *Robinson*, (*Str.* 704, *and note* in 3d ed. by *Nolan ;*) but the affidavits produced by the defendant on showing cause, may be entitled, *King* v. *Pierson*, (*And.* 313,) but in *Rex* v. *Harrison*, (6 *Term Rep.* 60,) it was held that the latter need not be entitled, though, after the rule is made absolute, the proceedings must be entitled. (6 *Term Rep.* 641.) So in *Bevan* v. *Bevan*, (3 *Term Rep.* 601.) it was decided, that affidavits, on which a motion was made for an attachment, for not obeying an award, the submission to which had been made a rule of court, need not be entitled; though the affidavits by the defendant, on showing cause, must be entitled. Affidavits to set aside an attachment granted, but not, in fact, issued, must be entitled in the name of the king. (7 *Term Rep.* 438, 529.) And it seems that an affidavit showing cause, is not properly entitled, unless it contains the christian names, as well as the surnames of the parties. *Fores* v. *Dieman*, (7 *Term Rep.* 661.) Affidavits on a motion to stay proceedings in a bail bond suit, must be entitled in that suit. (*Pell* v. *Judwin*, 3 *Johns. Rep.* 448. 5 *Johns. Rep.* 367. 1 *Bos.* & *Pull.* 337.)