ALBANY,
Feb. 1824.

Humphrey
v.
Cande.

E. Humphrey *against* Cande & Lasher.

S. Tredwell & J. & S. Kissam *against* the same.

S. L. Edwards and *H. Bleecker*, moved for a rule that certain moneys which had been levied upon a *fi. fa.* issued out of this Court, in favor of Chichester & Van Wyck, against the above defendants, and paid over to Chichester & Van Wyck, be refunded to the Sheriff who held the *fi. fa.* and paid over to Humphrey, plaintiff in the first cause, and Tredwell & J. & S. Kissam, plaintiffs in the second cause, according to the priority of their respective *liens* upon executions also issued out of this Court. The motion was made upon the ground that there never had been any judgment entered in favor of Chichester & Van Wyck.

*An affidavit wrongly entitled, tho' the cause be rightly described in the body of the affidavit, cannot be read.*

The affidavits upon which the motion was founded, were entitled thus :

" Supreme Court.
*Abel Russ, assignee of Elijah Humphrey, Seabury Tredwell, Joseph Kissam & Samuel Kissam.*
v.
*Alvin Chichester & Abraham H. Van Wyck.*"

The affidavits then proceeded, and in the body of them the causes in which the question arose were described and set forth particularly and truly.

*A. Spencer*, objected, that the affidavits were wrongly entitled.

*Bleecker*, said it was enough that the causes were set forth by their true titles in the body of the affidavit. The opposite party has not been misled. The reason why an affidavit wrongly entitled, cannot be read, is that no indictment will lie for perjury, if it be false. Here the reason fails. The title may be stricken out, and still the affidavits remain good. On an indictment for perjury, the false title might be rejected as surplusage.

ALBANY,     *Curia.* The objection is fatal. There is no such cause
Feb. 1824.  in existence, as the one mentioned in the title ; and such an
Lyon        affidavit is never received. The party cannot be convicted
v.          of perjury though he swear falsely. We refuse to hear mo-
Burtis.     tions for writs of *mandamus* upon affidavits which are en-
titled, and the same rule prevails in the King's Bench as to
affidavits to hold to bail.

Motion denied.