THE PEOPLE, on the relation of RODDY & WILKINSON, *vs.*
TIOGA COMMON PLEAS.

MOTION for a mandamus. A judgment was rendered in a justice's court against one Hill for $50 damages, and $3,63$\frac{1}{2}$ costs. Hill appealed to the Tioga common pleas, and executed the usual bond, reciting the judgment to have been rendered for $50 damages and $3,88$\frac{1}{2}$ costs. A motion was made to quash the appeal on account of the variance between the judgment and the recital in the bond. The court permitted the justice to amend his return by adding $\frac{25}{100}$, the costs of a transcript of the judgment granted on the day after its rendition, and refused to quash the appeal. The affidavit on which the motion was made, was entitled "Sup. Court. Andrew Roddy and Wilson Wilkison *vs.* Thomas W. Hill."

Where a court of C. P. allowed a justice to amend his judgment so as to make it conform to an appeal bond, a mandamus would have been allowed had the affidavit not been defective. On a motion for a mandamus, the affidavit must not be *entitled.*

*By the Court,* SAVAGE, Ch. J. The common pleas erred, and an alternative mandamus would have been granted, had the affidavit not been *entitled.* It is the settled practice of this court, that on a motion for a mandamus, the affidavit must not be entitled. The reason is, that at the time of the

ALBANY,
Oct. 1828.

making of the affidavit, there is no cause pending in this court; and an indictment for perjury in making such an affidavit must fail, as it could not be shown that such a cause existed in the court in which the affidavit was made. (2 *Johns. R.* 372.)

