Hawley *vs.* Donnelly and another.

The proceedings upon an appeal to the chancellor, from the decision of a surrogate, or of a circuit judge who was not acting as a vice chancellor, must be entitled in the appeal cause. But upon an appeal from an order or decree of a vice chancellor, the proceedings should be entitled as in the original suit.

In ordinary cases the court will disregard the misentitling of a paper which could not have misled the opposite party ; except in the case of sworn papers, when such misentitling will exempt the deponent from the punishment of perjury, although his oath is false.

But where the party, who founds an application upon papers wrongly entitled, asks to have the proceedings of the adverse party set aside for a technical defect merely, he will be holden to strict rules, and his application will be denied.

1840.

Hawley
v.
Donnelly.

July 21.

.This was an application on the part of the complainant to dismiss an appeal, which had been entered by the defendants, from a decree of the vice chancellor of the fifth circuit. The application was founded upon a technical defect in the certificate of the officer who approved the appeal bond. In the affidavit on which the application was founded, and also in the notice of the motion, the cause was entitled " Thomas Donnelly et al., appellants, vs. Burton Hawley, respondent." And the counsel for the appellants urged this objection, to the entitling of the papers, in opposition to the motion.

*J. Rhoades,* for the complainant.

*J. Ellsworth,* for the defendants.

THE CHANCELLOR. As the complainant asks for a dismissal of the appeal, upon an objection to the vice chancellor's approval of the appeal bond merely technical, and which is where the appellants would be permitted to amend as a matter of course, upon the usual terms, if the party making this application has himself made a similar slip in the entitling of his papers, his motion must be denied with costs. It becomes necessary, therefore, to inquire whether it is strictly regular to entitle papers, in a proceeding upon appeal from a vice chancellor, in the manner in which the complainant's affidavit and notice are entitled in this case.

Where there is an appeal to the court of chancery from a decision of a surrogate, or of a circuit judge when not acting as a vice chancellor or officer of this court, the case is brought before the chancellor upon a petition of appeal. And all proceedings subsequent to the filing of such petition of appeal, if not before, must be entitled in the appeal cause. (*Gardner* v. *Gardner,* 5 *Paige's Rep.* 170.) But upon an appeal to the chancellor from a decree or order of a vice chancellor, as all the proceedings are still in the same court, no petition of appeal or transcript of the proceedings is required ; and the title of the suit is not changed in any proceedings upon the appeal. (*Rule* 119. 5 *Paige,*

171.) This is strictly in accordance with the practice of the court of chancery in England, in the similar case of an appeal from a decision of the vice chancellor, or master of the rolls, to the lord chancellor. And the 95th rule of this court requires that in the entitling of papers, as well as in the endorsement thereof, by either party, the complainant's name shall be placed first. That has not been done in this case, and the respondents' application is therefore irregular.

In an ordinary case of a meritorious application, the court would disregard the misentitling of a paper which could not mislead the opposite party ; except in those cases where the mistake in the title of a sworn paper would exempt the deponent from the punishment of perjury, although his oath was false. In this case, however, for the reason stated in the first part of this opinion, the complainant's motion must be denied with costs.