## WILLIAM B. CASTLE and Mary, his wife, *vs.* CHARLES and JOHN W. MATTHEWS.

Since the cases of *Foot* v. *Stevens*, 17 Wend., 483, and *Hart* v. *Seixas*, 21 id., 40, it is settled that a judgment in partition in this court is to be regarded as one in a court of general jurisdiction, where every intendment will be made in support of the judgment, unless the contrary appear on the face of the record, or be affirmatively shown aliunde. But where it appears that the requirements of the partition act (1 R. L., 507) have not been complied with, the proceedings in the partition suit must be regarded as coram non judice.

*Held* accordingly, that the non-residence of a defendant was not proved by an affidavit stating the fact of non-residence, but omitting in the title of the partition suit the name of one of the defendants, and designating another as *Mary* instead of *Mary Hannah*. Service by publication on defendant Mary Hannah, a non-resident, was therefore insufficient, and her rights were not affected by the judgment in partition as she was not a party named therein. (1 R. L., 509, § 3.)

EJECTMENT for part of lot No. 43, Ulysses, now Enfield, Tompkins county. The lot was awarded by the Onondaga commissioners to Hannah Guiteau and Polly Williams, daughters of James Wilson, the soldier. Mary, the wife of the plaintiff, inherited from Polly, her grandmother, one-sixth of the lot; and the only question in the case is, whether her interest was cut off by partition and sale in 1825.

Hannah Guiteau and her husband conveyed their moiety to William G. Tracy on the 19th March, 1823, for the consideration of $1,000, and in September, 1824, he made application to this court for partition. Mary, the wife of plaintiff, was at this time an infant, under the age of twenty-one years. Her name was *Mary Hannah Newell*, but called and known among her friends and relations, almost universally, by the name of *Mary Newell*. She was a non-resident of the state, living, at the time, with her father in Ohio.

She is described in the petition as *Hannah Newell*, residing in or near Sandusky, Ohio, and as being an infant under the age of twenty-one.

An exemplification of the record of judgment in partition was given in evidence, docketed 28th November, 1825, wherein William G. Tracy is plaintiff, and William Williams, William R. Williams, Buckley Hatchins and Hannah Newell, an infant, are described as defendants.

The record recites that Freedom Tibbets was duly appointed guardian ad litem by the court to appear and defend for the said Hannah Newell, and that due notice had been given according to the statute by the plaintiff to the defendants, all of whom were non-residents, by causing a copy of the petition together with the notice of the application, subscribed by the plaintiff and directed to defendants, to be published for three months in *Albany Argus* and *New York Spectator* praying them to appear and answer said petition. The record also recites that the guardian of the said Hannah appeared and confessed judgment of partition.

The affidavit of the plaintiff, annexed to and accompanying the petition, of the non-residence of the defendants, is entitled, William G. Tracy v. W. R. Williams, *Hannah Newell* and Buckley Hatchins, and they are the only persons described or refered to in the body of it. *William Williams*, one of the defendants named in the petition, is omitted.

An execution on the judgment in partition issued against Hannah Newell for $29.28 costs, and was offered in evidence; also a sale to plaintiff of 89 acres of the lot which had been set off to her; and a deed to him from the sheriff; which were excluded by the judge.

The defendants were in possession of 100 acres of the lot, and plaintiff demanded to be let into the possession, in common with the defendants, which was refused, before suit brought.

The jury found a verdict for the plaintiff under the charge of the court for one-sixth of the lot, subject to the opinion of the supreme court.

*By the Court*, NELSON, Ch. J. The act of 1813, entitled "an act for the partition of lands" (1 R. L., 507), under which the proceedings in this case took place, provides for the service of a copy of the petition forty days, at least,

previous to the term in which it is to be presented on all the parties concerned, &c., or on the guardians of minors, together with a notice, &c., provided, that if either of the parties to whom such notice shall be directed, shall reside out of the state, or can not be found therein, to be made to appear by affidavit, then and in every such case, instead of the service of a copy of the petition and notice on such absent party, it shall be sufficient for the petitioner to cause a copy to be previously published once a week, for the space of three months, in one of the newspapers printed in the cities of Albany and New York, which shall be deemed a sufficient notice to the parties, in like manner as if personally served, &c.; and that on presenting the petition, and proof being made by affidavit to the satisfaction of the court, that copies have been duly served, or published as aforesaid, the court shall by rule order the parties to appear, &c. (§§ 2, 3.)

Section 8 provides that the court, for the purposes intended by the said act, shall, either before or after the commencement of the proceedings, appoint guardians for such parties as may be minors, whether such minors reside in or out of the state, who shall give a bond, conditioned for the faithful discharge of their trust, &c.; and such guardians, when so appointed, shall do and perform every act in relation to the proceedings for partition, or any matter or thing relating thereto, and which shall be as binding upon said minors, and be deemed as valid, to every purpose, as if the same had been done by such minors after having arrived at full age.

In the case of *Denning* v. *Corwin*, 11 Wend., 647, which is chiefly relied on by the counsel for the plaintiff, the record of judgment in partition did not contain even an averment of notice to the unknown owners by publication according to the statute; and in that respect is distinguishable from the case in hand. It simply recited the presentation of the petition to the court in January term, 1821, which set forth that the owners of residue of the premises were unknown; and after an imparlance to the May term, that the plaintiff appeared and the parties unknown, though solemnly demanded, come not, but make default, &c.

Castle v. Mathews.

Here the record sets forth the appointment of the guardian ad litem in due form of law; and that notice had been given to the defendants according to the statute, all of whom were non-residents, by causing a copy of the petition and notice of the application to be published in two newspapers, as the law requires.

Besides, since the cases of *Foot* v. *Stevens*, 17 Wend., 483, and *Hart* v. *Seixas*, 21 id., 40, it can scarcely be contended, that a judgment in partition in this court is not to be regarded as one in a court of general jurisdiction, where every intendment will be made in support of the judgment, unless the contrary appears on the face of the record; or until it is affirmatively shown aliunde.

2. Then it is insisted that even if the intendment is to be taken in favor of the jurisdiction, still enough has been shown to overthrow it, as no affidavit in point of fact was made of the non-residence of Mary Newell, at the time of the commencement of proceedings, and the service, therefore, should have been personal.

The affidavit of the petitioner, stating the fact, was produced; but in entitling the cause, the name of Wm. Williams, one of the defendants proceeded against, is omitted; it is therefore contended, that it is not to be regarded as having been made in the partition suit.

This is a vital jurisdictional fact, as the service of the petition and notice must be personal, unless it is made to appear to the court that the party defendant is a non-resident, when publication is subituted in its place; non-residence and publication must be shown according to the statute, or personal service; or the party has had no day in court, and the proceedings, as to him, are coram non judice.

Now, here, in any view that we can take of the case, it is impossible to say that the non-residence of Mary Newell was shown. If it was unnecessary to entitle the affidavit at all, as suggested, then the fact of entitling it in a cause pending in court, is a fatal objection to its being read, for the reason that the deponent could not be convicted of perjury even if he has sworn falsely. In judgment of law, for

all the purposes intended, it is not an affidavit, it is but waste paper.

Then if the proceedings be regarded as a suit already pending in court, the affidavit should have been entitled in that suit, and the variance is fatal for the reasons above stated. (*Hollis* v. *Branton*, 1 B. & P., 36 ; *Green* v. *Redshaw*, ib., 227 ; *Haight* v. *Turner*, 2 Johns., 371 ; *Humphrey* v. *Cande*, 2 Cow., 509.)

The question is not one of identity; if it was, the fact that the affidavit was attached and refered to the petition, made *that* sufficiently certain. The question is, whether the non-residence was shown according to the solemnities required by the statute. That it was not is manifest from the authorities above cited.

Then as to the appointment of the guardian and the giving of a cognovit in the partition suit, it is obvious, if the court has acquired no jurisdiction over the person of the infant, that the appointment of and appearance by the guardian can not operate to confer it. As to her they were and are a nullity.

It is possible that the defendants might, on a second trial, prove that *Mary* Newell, at the time of the commencement and carrying on of these proceedings, was as well known by the name of *Hannah*, and hence that notice to her by that name was sufficient ; yet, according to the evidence as it now stands, the contrary appears to be very fully established. The point is a material one in the case, for unless she was called and well known by the name of Hannah, the publication in that name would be an idle proceeding so far as she was concerned.

Besides, the statute provides that the judgment in partition shall not affect the rights of any person not named therein. (1 R. L., 509, § 3.)

For these reasons I am of opinion that the plaintiff is entitled to judgment.

Ordered accordingly.