## MILLIKEN *vs.* SELYE and LUNT.

The affidavit required to be delivered to the sheriff with a writ of replevin must not be entitled in the suit, and if so entitled it is a nullity.

DEMURRER *to* pleas. The action was replevin for a quantity of machinery and blacksmith's tools, which, as the declaration alleged, the defendants took in a certain building called the Selye building in the city of Rochester, and detained, &c. The defendant Selye *avowed* and the defendant Lunt *acknowledged* the taking of the goods as a distress for rent due to Selye as landlord from one Kenyon, upon the demise of the *locus in quo,*— a room in the Selye building, averring that $144 was in arrear

'or rent on the tenth day of August, 1843, upon which Selye delivered a distress warrant and affidavits to Lunt, a constable of Rochester, as his bailiff, who on said tenth day of August took the goods upon the demised premises, in the name of a distress for the rent so in arrear. Verification. Plea in bar, that before the taking of the goods on the distress warrant, to wit, &c. the plaintiff sued out a writ of replevin against L. Kenyon for the goods in question, and delivered it with an affidavit and bond to the sheriff of Monroe county, by virtue of which the sheriff afterwards, to wit &c., in the said place in which &c., replevied and took the goods mentioned in the declaration, but afterwards, on &c., and while the said sheriff continued to hold the said goods and chattels by virtue of the said writ and before he had time to remove them from the demised premises, the defendants took and detained them as mentioned in the avowry and cognizance, which is the same taking, &c. The writ with the bond and affidavit required by the statute are set forth in the plea in *hæc verba*, the latter of which is entitled " Supreme Court. Samuel Milliken, jr. *vs.* Lewis Kenyon." Verification. There is another plea to the same avowry and cognizance, in all respects like that first mentioned except that it is averred that the property was replevied and *delivered* to the plaintiff, and that it was seized as a distress before he had time to remove it. The defendants demurred to both pleas. Joinder. When the cause was formerly before the court the pleas did not aver the delivery to the sheriff of any affidavit or bond, for which reason they were held bad, and the plaintiff had leave to amend. (*See* 6 *Hill*, 623.)

*C. P. Kirkland,* for the defendants, among other objections to the pleas, insisted that the affidavit being entitled in a suit in this court when there was none at that time pending, was a nullity ; and a proper affidavit being essential to render the process effectual, the pleas could not be sustained. He cited *Haight* v. *Turner,* (2 *John.* 371;) *In re Bronson,* (12 *id.* 461;) *Nichols* v. *Cowles,* (3 *Cowen,* 345 ;) *Whitney* v. *Warner,* (2 *id.* 500;) *The People* v. *The Tioga C. P.* (1 *Wend.* 291.)

*N. Hill, Jr.,* for the plaintiff, cited *Clark* v. *Cawthorne,* (7 *T. R.* 321;) *Hollis* v. *Brandon,* (1 *B. & P.* 36.)

*By the Court,* BRONSON, Ch. J.  The affidavit should not have been entitled, because when it was made there was no suit pending in court.  As the affidavit purported to be made in a suit when there was none, the party could not be convicted of perjury for false swearing.  In such cases the affidavit cannot be used—it is a nullity.  The rule has been too long settled to be now shaken.  (*The King* v. *Pierson, Andrews,* 313; *Rex* v. *Jones,* 1 *Str.* 704; *Haight* v. *Turner,* 2 *John.* 371; *The People* v. *Tioga C. P.* 1 *Wend.* 291; *Hollis* v. *Brandon,* 1 *Bos. & Pull.* 36; *King* v. *Cole,* 6 *T. R.* 640.  *And see Whitney* v. *Warner,* 2 *Cowen,* 499; *Roosevelt* v. *Dale, id.* 581; *Nichols* v. *Cowles,* 3 *Cowen,* 345; *In re Bronson,* 12 *John.* 460.)  The case of *Clark* v. *Cawthorne,* (7 *T. R.* 317,) is not only contrary to other decisions of the same court, but it stands upon no principle whatever.

The statute says, the affidavit must be made " by the *plaintiff* in the action, or by some one in his behalf."  (2 *R. S.* 523, § 7.)  But that only means that the affidavit must be made by the person who prosecutes the writ, and who will be the plaintiff when the suit is commenced.  The suit is not commenced by the affidavit, nor by the writ, until they are delivered to the sheriff.  In *Hollis* v. *Brandon,* (1 *B & P.* 36,) the affidavit to hold to bail was entitled; and Chief Justice Eyre was disposed to get over the difficulty by holding that the affidavit was the commencement of the cause.  But after taking time to inquire, he gave it up, and the rule for discharging the defendant out of custody was made absolute.

It is said that the affidavit is perfect without the title of the cause; and that the title may be rejected as surplusage.  But the affidavit has the words, " the said plaintiff;" and without a reference to the title, there is nothing to show what those words mean.  And besides, it has been held, both here and in England, that the title cannot be rejected as surplusage.  (*In re Bronson,* 12 *John.* 460; *King* v. *Cole,* 6 *T. R.* 640.)

There are many cases where false swearing will be perjury, although no suit was pending at the time. It is so wherever the oath is lawful: and the oath is lawful when it is a preparatory step in legal proceedings ; as on suing out a writ of replevin, or when a motion is to be made for a *mandamus, quo warranto,* attachment, or the like. But the difficulty here is, that the affidavit purports to have been made in a suit between Samuel Milliken, jr. plaintiff, and Lewis Kenyon defendant, when in fact there was no such suit. As there was no such suit, the affidavit was not a lawful, but an extra-judicial oath. On this ground, such affidavits have been held to be nullities.

Without an affidavit, the sheriff had no authority to execute the writ. (*Milliken* v. *Selye,* 6 *Hill,* 623.) The goods were not, therefore, in the custody of the law ; and the defendants had a right to distrain them.

When the affidavit which accompanies the writ in replevin is good so far as it goes, it may, perhaps, be proper to allow an omission to be supplied by a further affidavit. (*Cutler* v. *Rathbone,* 1 *Hill,* 204.) But when the writ is executed without any affidavit, or, what is the same thing, with one which is a mere nullity, it is difficult to see how the proceeding can be legalized by afterwards making the proper affidavit. It is enough, however, to say, that there has been no amended or new affidavit in this case.

As this point is fatal to both of the pleas, it is not necessary to consider the other questions made at the bar.

Judgment for defendants.