THE PEOPLE *vs.* PETER CHRYSTAL and JOSEPH B. POLLARD.

A deposition taken conditionally in the case of a charge for a criminal offence, and before indictment, which is entitled in a court of general sessions, where there is no suit or proceeding pending, and in a suit which has not yet been commenced, and which throughout refers to the accused, not by their individual names, but as defendants, can not be read on the trial of an indictment afterwards preferred on that charge; because of the rule that on such a deposition the witness could not be convicted of perjury, for any false swearing.

THIS was a motion, by the defendants, who had been convicted upon an indictment for obtaining money by false pretences, for a new trial, upon a bill of exceptions. The facts are stated in the opinion of the court.

*D. Graham,* for the defendants.

*John McKeon,* (district attorney,) for the people.

*By the Court,* MITCHELL, J. The defendants were indicted at the general sessions in the city of New-York for obtaining the money of one Lathrop by false pretences, namely, by falsely pretending that a watch which they offered for sale to him was a gold watch, 18 carats fine, and had cost $80 but a few days since; when in fact it was not 18 carats fine, nor of gold, but of an entirely different metal, and had not cost $80 or any such sum, and the defendants knew it. The indictment was removed into this court and tried here.

Pursuant to the act of 1844, ch. 415, p. 376, § 11, application was made on the 8th of October, 1845, to the first judge of the New-York common pleas, for an order to examine a non-resident witness. The judge granted the order, directing it to be served on the accused *forthwith,* and that the examination take place the same day at 1 P. M. The act requires the judge to specify the length of notice of examination to be given to the accused. It was said this order did not specify the length of

VOL. VIII.          69

The People v. Chrystal.

notice.   When it directed the order to be served forthwith, and that the examination should take place at one o'clock that day, it substantially directed that the length of notice should be the time intervening between the order and the appointed hour, except such time as must necessarily intervene between the issuing of the order and the attempt to serve it.   If time were lost in the attempt to serve the notice, so that the accused had not the time allowed, they could have made that objection before the examining judge.   They attended before the judge and did not make that objection, but objected that the order did not specify the length of notice.   It may therefore be inferred that the order was served forthwith, and its requirements complied with.

It was also objected that the order and the affidavit on which it was granted were void because they were entitled, although no indictment was found until twelve days afterwards.   The title was " New-York General Sessions of the Peace.  The People of the State of New-York, on complaint of William Lathrop, vs. Peter Chrystal and Joseph B. Pollard."   The affidavits and order do not refer in the body of them to the court, but they speak of " the above named defendants," and " the accused," and do not specify them by name, so that a reference to the title containing the names is necessary to make these papers intelligible.

In *Milliken* v. *Selye and Lunt*, (3 *Denio*, 54,) the action was replevin ; the defence was that the articles taken were taken on a distress for rent : to which the plaintiff pleaded that before the taking of the goods on the distress warrant, he had sued out a writ of replevin against one Kenyon for these goods, and delivered it with an affidavit and bond to the sheriff, by virtue of which the sheriff levied on the goods and had them in his custody before the distress.   This plea set forth the affidavit so delivered to the sheriff, and it was entitled " Supreme Court. Samuel Milliken, jun. *vs.* Lewis Kenyon."   There was a demurrer to the plea, on the ground that no suit was pending when the affidavit was made, and therefore it should not have been entitled, and was a nullity ; and so the court held, stating that the rule had been too long settled to be now shaken, and quoting numerous authorities to that effect.   It had been argued

there, as here, that the affidavit is perfect without a title, and that the title may be rejected as surplusage.   Ch. J. Bronson answered, " The affidavit has the words ' the said plaintiff,' and without a reference to the title there is nothing to show what those words mean." He adds, " Besides, it has been held both here and in England, that the title can not be rejected as surplusage.  (*In re Bronson*, 12 *John.* 460.   *King* v. *Cole*, 6 *T. R.* 640.)"   So here are the words " the above named defendants," and without the title there is nothing to show what they mean.

It may be a matter of regret that such seeming technicalities must control the course of justice ; but while such is the law we are bound to administer it.   The reason for the rule is that on such an affidavit the witness could not be indicted.   As such would be the result the reason is sufficient ; but it is strange that an indictment should not have been allowed in such cases, if it were allowable without the title.   The defendants must have a new trial.

New trial granted.

