New York General Sessions. April, 1860. Before *George G. Barnard*, Recorder.

## THE PEOPLE *v.* GEORGE L. WARD.

An order for taking the testimony of a non-resident complainant *de bene esse*, under the acts of 1844 and 1846, entitled in the "Court of General Sessions," before the finding of an indictment thereon for the offence, is irregular, and testimony taken under it cannot be read in evidence on the trial of the indictment.

THE defendant was brought to trial upon an indictment for petit larceny.

*John Anthon, Jr.* (Assistant District Attorney), after having opened the case, produced a witness who testified that Benjamin Weston, the complainant, was a non-resident at the time

of the alleged commission of the offence; that he left this State immediately afterwards, and was now absent from the State. The Assistant District Attorney then offered in evidence the deposition of Weston, taken under the act of 1844, chapter 315, page 476, section 11, and the act of 1846, chapter 302, page 408, section 9.

*James M. Smith, Jr.,* and *Henry L. Clinton,* for the defendant, objected, on the ground that the order of the judge, under which the deposition was taken, was wrongly entitled. This order reads as follows:

COURT OF GENERAL SESSIONS.

The People, on complaint of
    Benjamin Weston,
        *v.*
    George Ward.

On reading the affidavit of Benjamin Weston, and it appearing that George L. Ward is charged with larceny, and that the offence with which the accused, the said George L. Ward, stands charged, was committed in the city and county of New York, and that at the time of the commission of said offence, Benjamin Weston was, and still is, a non-resident of the said city and county, and that the said Benjamin Weston resides in the State of Maine, on application of the District Attorney, ordered, that the testimony of the said Benjamin Weston be taken *de bene esse* before me, at my chambers, No. 11 Chambers street, in the city of New York, on the seventh day of February, instant, at 10 o'clock, A. M. and that the District Attorney cause a copy of this order to be served on the accused forthwith, pursuant to the provisions of the act entitled "An act for the Establishment and Regulation of the Police of the city of New York," passed May 7th, 1844, and an act to amend the same, passed May 13th, 1846; and I do hereby specify two days as the length of notice which shall be given to the accused, of such examination.

Dated New York, February 4th, 1859.

GEORGE G. BARNARD, *Recorder.*

The following affidavit and certificate were annexed to the order :

*City and County of New York, ss:*

John Haley, being sworn, doth depose and say: That on the 4th February, 1859, about 2 o'clock, P. M., he served copies of the within order and affidavit upon George L. Ward, within named, by handing to and leaving with him the same, and at the same time showing to him the original thereof.

JOHN HALEY.

Sworn to before me this 7th }
  day of February, 1859, }
        GEORGE G. BARNARD.

I, George G. Barnard, Recorder for the city and county of New York, do hereby certify, that on the 7th day of February, 1859, Benjamin Weston, the witness in the foregoing order named, appeared before me at my chambers, in the City Hall of the city of New York, and due proof having been made before me of the service of the said order upon the accused, the said witness was thereupon duly sworn by me and examined in my presence and in the presence of the accused. That his direct and cross-examination was reduced to writing in questions and answers, which examination was signed by the witness, duly certified by me, and is hereunto annexed. And I do further certify, that such examination has been filed by me in the office of the clerk of the Court of General Sessions of the Peace in and for the city and county of New York.

GEORGE G. BARNARD, *Recorder.*

The indictment was not found until the 22d day of December, 1859.

Defendant's counsel contended that, as this case was not in the Court of Sessions at the time of the granting of the order entitled in that court, the deposition, although entitled "The

People on complaint of Benjamin Weston against George L. Ward," was inadmissible. To sustain this position, *People* v. *Chrystal* (8 *Barb.*, 545), *Milliken* v. *Selye* (3 *Denio*, 54; 12 *John.*, 460,) were relied on.

After hearing the Assistant District Attorney in opposition, the court sustained the objection and ruled out the deposition.

The defendant was acquitted.