By the Court.*—James, J.
The respondents first raised the preliminary objection, that the motion for the writ was not made in the proper county. The statutes provide, that every action, against a public officer, for, or concerning any act done by virtue of his office, shall be laid in the county where the fact complained of happened, and not elsewhere (2 Rev. Stat., 353, § 14): and that, if in such suit it shall not appear on the trial that the cause of action arose in such county, the jury shall be discharged, and judgment of discontinuance shall be rendered against the plaintiff (2 Rev. Stat., 409, § 3). In this matter, the defendants- were proceeded against as public officers for an alleged contract, made as such; therefore, if this proceeding was a suit, or an action, it should have been taken in Schuyler, and not in Columbia county. But I do not think it is, properly, either a suit or an action (1 Wend., 291); but a proceeding preliminary to instituting an action in case an issue was formed • it was a motion, the first proceeding leading to an action, and clearly so within the provisions of the 51st section of the judiciary act of 1847, which authorises such motions to be made in a county, where the parties, or any of them, reside, or in an adjoining county. But I am of the opinion that section 51 of said act is superseded by section 401 of the Code, as now amended. Section 401 declares that an application for an order is a motion (subd. 1); and that motions upon notice must be made within the district in which the action is triable, *81 or in a county adjoining that in which it is triable. This was an application for an order, upon motion, and although not a motion iñ an action, yet it is clearly within the spirit of the section, and should the motion result in an action, it would be such an action as could not be tried in Columbia county, or in any county adjoining it. In this view, the preliminary objection was well taken, and the proceeding should have been dismissed by the special term.
But if this objection were passed, there are insurpassable difficulties in the way of sustaining this order.
It would not be proper on this appeal to discuss the validity of this claim, as against Schuyler county. That is first to be passed upon by the board of supervisors of said county, at its annual session. The board of supervisors is first to act upon all claims against a county; and it is not until after a claim has been presented to such body, properly verified, and they have refused to act upon it, or, having acted, rejected the claim in whole or in part, that the aid of this court can be invoked in behalf of the claimant; and neither stage has as yet been reached in this case.
It is not, however, improper, as the case is presented, to say, that all claims against a county must first be presented to its board of supervisors for allowance. That body is vested by the statute with power to “ examine, settle, and allow all amounts chargeable against such county,” and provide means for payment (2 Rev. Stat., 5th ed., 548, § 2, subd. 2); and the statute declares that no account shall be audited unless made out in items and" accompanied by an affidavit of the person presenting or claiming the same, that the items of such accounts are correct, that the disbursements or services charged have been rendered, and that no part has been paid or satisfied (Id:, 855, § 37); and even such an affidavit does not preclude the board; it may require further proof, or disallow the claim in whole or in part (Id., 855, § 38). It is "made the duty of such boards to examine, settle, and allow all accounts presented to them, properly chargeable against the county. Theoretically, the board is to examine every claim presented; if properly verified, to determine if it is properly chargeable against the county; if it is, and is for a service, the price of *82 which is fixed by law, or by pre-contract, to audit it at such sums; or, if unliquidated, to fix the amounts at such sum as in their discretion they should deem just; and then to allow it, and provide means for its payment. This action necessarily implies the exercise of judgment and discretion; it involves the right to reject, or to allow, and, in certain cases, to fix the sum, and is therefore quasi judicial (9 Wend,, 509).
It is not disputed that this claim was before the hoard of supervisors of Schuyler county in 1862. The claim, as presented, with the accompanying verification, was made a part of the moving papers on this motion, and it is ^alleged that the board did not act upon the claim. Unless accompanied by a proper affidavit, the board was not bound to take notice of the claim. The verification did not state that the services charged were rendered for the county, or that no part of the claim had been paid; but asserted that the service was performed, and that no part of the claim had been paid by the board of supervisors, or any one on their behalf. This affidavit was too evasive not to attract attention. , While asserting the truth it implied a falsehood from its beginning to its end. It was doubtless an attempt to satisfy the statute without peijury, and gives color to the defendant’s allegations that the services were rendered on the employment of another than the county, and that a part of the claim had been paid. It is quite clear that the affidavit accompanying the claim was not such as the statute requires, and hence, there was nothing before the hoard on which it could or was bound to act. There being nothing before it on which it could act,. and not having acted, a man-, damns to compel action cannot be granted.
But if the claim presented had been properly verified, and the hoard had refused to act, the aid of this court could only be invoked, and a mandamus allowed^ to set such board in motion. In that case, application could be made ex parte for an alternative writ, or for an order to show cause. More modern practice is, to give the ordinary notice of a motion, based upon affidavits, that on the hearing a peremptory writ will be asked for; In that case, if it then appear that no material facts are in dispute, the- court may grant or deny the peremptory writ; at once’ disposing of the-questions of law, subject to review on appeal. But if it then appear that material facts are in dia *83 pute between the parties, and that the application has merits, the course is to grant an alternative writ, that issues may be joined, and the disputed facts settled by a proper trial.
In this case, the application was by motion upon affidavits and notice. The application was met by counter affidavits, showing that material questions of fact were in dispute. It was, therefore, erroneous to pass upon .the questions of law, and grant a peremptory writ, before the facts were settled. It was not authorized by the law, and entirely unheard-of in practice.
Again, the claim was for services. The value of such services was not fixed by law, nor was the price stipulated by any previous agreement or contract. The claim was, therefore, unliquidated. In such case, the amount is in the discretion of the board of supervisors, whenever they act judicially. The office of a mandamus to an inferior court is to set it in motion—not to require any particular action. Its mandate is, to proceed— adjudicate, or exercise discretion: not designating what the judgment shall be, or how its discretion shall be exercised. The order under review not only requires the board of supervisors to act, but fixes and directs the amount to be allowed. This, also, was clearly erroneous.
For these reasons, the order of the special term should be reversed, and the motion denied, with costs of the motion at special term, and of this appeal.

 Present, Bocees, James, Rosekrans and Potter, JJ.