## Case No. 1,505.

### BLAKE CRUSHER CO. v. WARD.

[1 Am. Law T. Rep. (N. S.) 423.]

Circuit Court, E. D. Michigan. Jan., 1874.

EQUITY PLEADING — VERIFICATION OF BILL—CONTENTS OF NOTARIAL CERTIFICATE—NOTARY PUBLIC—TAKING DEPOSITIONS—ENTITLING OF AFFIDAVITS.

[1. The verifying of a bill in equity, and the taking of a deposition before a notary public, are "acts in relation to evidence," within Act July 29, 1854, (10 Stat. 315.)]

[Cited in Re McKibben, Case No. 8,859. See In re Bailey, Case No. 727; In re McDuffee, Id. 8,778; contra, under Rev. St. §§ 1778, 5596, see Buerk v. Imhaeuser, Id. 2,107.]

---

[3] [Opinion of Mr. Justice Nelson, on motion for a new trial, reported in 6 Blatchf. 206.]

[2. An affidavit entitled as in a cause pending and taken before such cause existed cannot be read in evidence with the entitling, nor after the rejection of the entitling if the rejection renders material portions meaningless.]

[3. Where an agent of a corporation signs and verifies a bill for a preliminary injunction, the notarial certificate should show that the person making oath was the person who signed the bill; that he was agent of the corporate complainant; and that he signed it for one of the reasons required by equity rule 95; and should designate the portions sworn to on knowledge, and those on information and belief.]

In equity. Motion for a preliminary injunction on bill of complaint and accompanying affidavits, to restrain the defendants from an alleged infringement of a patent for a stone crusher. The affidavits were made, some in Connecticut and some in Pennsylvania, and were all sworn to before notaries public. They were all made before this suit was commenced. They are, nevertheless, all entitled in a cause the same as is the entitling of this case, notwithstanding that no such cause was pending or in existence at the times the affidavits were made.

The bill was signed and the verification of the same was by an agent and director of the complainant corporation; and the verification appears also to have been made before a notary public of the state of Connecticut.

No answer has been put in nor counter affidavits filed, but at the hearing of the motion the defendants appeared by counsel and opposed the granting of the motion on the grounds: 1. That the verification of the bill and the affidavits were not entitled to be read and used because they were not taken before an officer authorized to take the same to be used in this court. 2. The affidavits are entitled in a cause which had no existence when they were made. 3. That the verification of the bill is insufficient because it is upon information and belief only, and is otherwise defective.

Mr. A. Russell, for complainant.

Mr. H. B. Brown, for defendant.

LONGYEAR, District Judge. First. As to the officers before whom the verification and affidavits were taken. The act of congress of July 29th. 1854 (10 Stat. 315), provides, "that notaries public be and they are hereby authorized to take depositions, and do such other acts in relation to evidence to be used in the courts of the United States, in the same manner and with the same effect as commissioners to take acknowledgment of bail and affidavits may now lawfully take or do." I think it safe to assume that taking of verifications to bills and answers, and of affidavits in support of or to oppose motions for injunction, are "acts in relation to evidence," within the meaning of the above provision; and, therefore, the verification and affidavits were properly taken before such officers. By the previous acts of September 16th, 1850 (9 Stat. 458), the signature and

official seal of the notary was recognized as sufficient evidence of his official character and the genuineness of his acts; and as the act of July 29th, 1854, was supplementary to the act of 1850, the same recognition must be extended to the signature and seal of the notary under that act. See, also, Goodyear v. Hullihen [Case No. 5,573]. In the present case, the jurats to the verification of the bill, and to the affidavits, all have the signatures and official seals of the notaries, and are therefore sufficiently authenticated.

Second. As to the entitling of the affidavits as in a cause pending when no such suit was in existence at the time. By an unbroken current of decisions, some of which are cited below, in England and in this country, such affidavits are not entitled to be read or used for any purpose whatever. The test, and the main ground of their rejection is, that there being no such cause in existence at the time, the affiant could not be convicted of perjury if the affidavit is false. Regem v. Jones, 1 Strange, 704; Rex v. Pierson, Arch. [Andrews,] 313; Rex v. Harrison, 6 Term R. 60; King v. Cole, Id. 640; 1 Daniell, Ch. Pr. 891; Humphrey v. Cande, 2 Cow. 509; Haight v. Turner, 2 Johns. 371; In re Bronson, 12 Johns. 460; Milliken v. Selye, 3 Denio, 54; Hawley v. Donnelly, 8 Paige, 415. In Re Bronson two of the judges thought the entitling might be rejected as surplusage, but the majority of the court decided otherwise, and the affidavits were rejected. And in some of the English cases cited, the question of rejecting the entitling as surplusage was mooted, and it was held that, even if competent in any case, it could not be done in those cases, because it would render many material portions of the affidavits meaningless on account of references to "the said defendant," &c. That is precisely the case here. It results, therefore, that, with the entitling retained, the affidavits cannot be read; with the entitling rejected, they are in many material portions meaningless. The affidavits must therefore be rejected.

Third. As to the verification of the bill. This is evidenced only by the jurat of the officer before whom the verification was made. The jurat is as follows:—"United States of America, District of Connecticut,—ss.: New Haven, 4th October, 1873. Then personally appeared before me John A. Blake, agent and director of the orators in the foregoing bill of complaint, and made solemn oath that the same, and the allegations therein contained, are true, upon his knowledge, information, and belief. (Signed) George Sherman, Notary Public. (Notarial Seal.)"

Without this verification there is no proof of the allegations of the bill as to complainant's title to the patent in question, the novelty of the same, complainant's use and enjoyment, of the decisions of courts sustaining the same, all material to be proven on an application for a preliminary injunction. 2 Daniell, Ch. Pr. 1644. The question of the validity of the verification is therefore important. Equity rule ninety-five is as follows: "That bills in equity may be verified by the agent or solicitor of the complainant:—First. When the party is at the time absent from the district. Second. When the facts are within the personal knowledge of the agent or solicitor." Aside from this rule (and it is doubtful if this rule can be applied to bills by corporations, as in this case), there is no rule or provision of law, by act of congress or otherwise, prescribing the manner of verifying bills, or even requiring them to be verified at all, in any case. Beyond all doubt, however, the material allegations of injunction bills, especially in patent and copyright cases, upon which a preliminary injunction is moved, must be verified in some manner. In England, this appears to have been done by affidavit, subscribed and sworn to in the usual form (1 Daniell, Ch. Pr. 392, and note; 3 Daniell, Ch. Pr. 2165); and in the absence of any law or rule to the contrary, such should be the practice here. Equity Rule 90.

A practice has grown up, however, in the equity courts of the United States, and is of long standing in this district, and no doubt in most of the others, of verifying bills by the complainant, his agent or solicitor, making oath to the truth of the bill itself, the officer administering the oath adding his jurat, or certificate of the fact, as was done in this case. And I am inclined to the opinion that such practice has been of sufficiently long standing, and of such uniformity, as to give it the authority of a rule of practice, and therefore to hold that this manner of verifying bills is competent in this court.

The certificate or jurat of the officer should show clearly and specifically that all those things necessary for the court to know and be informed of were sworn to. It should appear that the person making oath is the same person who signed the bill; and when the bill is signed by an agent or officer of a corporation complainant, or by an agent or the solicitor of the complainant, it should appear that the person made oath that he was such agent, officer, or solicitor; and when by the agent or solicitor of complainant (except perhaps in the case of a corporation complainant) it should appear that such agent or solicitor made oath to the reason for his making the oath instead of the complainant, in order that the court may see that such agent or solicitor was competent to make the oath under equity rule nine-five; it should also appear, although perhaps this is not essential, that the person making oath made oath to his knowledge of the contents of the bill; and when he swears partly upon his knowledge, and partly upon his information and belief, it should clearly appear what portions of such contents he so swears to upon knowledge, and what portions upon information and belief.

Apply these tests to the jurat to the pres-

ent bill and fatal defects are at once apparent—so apparent as to avoid the necessity of specifying them here.

It results that the motion cannot be granted as the case now stands. It will not, however, be dismissed, but it will be allowed to stand over, with leave to complainant to have its bill properly verified, and to file and serve affidavits in support of the motion within thirty days, and to the defendants to file and serve affidavits in opposition within ten days thereafter. Ordered accordingly.