STERNS (PHELPS v.). See Case No. 11,-080.

## Case No. 13,379.

### STERRICK v. PUGSLEY et al.

[1 Flip. 350;[1] 1 Cent. Law J. 106.]

Circuit Court, E. D. Michigan. Jan. 26, 1874.

PRACTICE IN EQUITY—MODE OF ENTITLING BILLS AND AFFIDAVITS—SERVICE OF COPIES.

1. A bill addressed to the "circuit court, etc., in chancery sitting," is a sufficient address.

2. A bill should not be entitled in a cause until it is filed. And if so entitled before filing, such part may be rejected as surplusage.

3. The venue should, when the affidavits are taken before a United States commissioner, be thus given: "United States of America, District of ——" and not "State of ——, county of ——;" and if made to be used in a suit not yet commenced it should not be entitled, as that would be cause for rejecting them.

4. How copies of affidavits should be served on opposing counsel.

On motion of complainant [Charles V. Sterrick] for a preliminary injunction to restrain defendants [James W. Pugsley and others] from using a deed of assignment of a patent by complainant to defendant Pugsley, and from claiming or exercising any rights thereunder.

Mr. Breese, for complainant.

H. B. Brown, for defendants.

LONGYEAR, District Judge. Some preliminary objections will be first noticed. The defendants' counsel objected to the bill of complaint being read on the grounds: 1st—That the entitling of the court is not "in equity," but of the "circuit court," etc., merely. 2d—That it is entitled in the cause.

The address of the bill is to the "circuit court," etc., "in chancery sitting." This is sufficient, and if the entitling of the court

were of any consequence the court would direct it to be amended by adding the words "in equity." The bill is entitled in the cause. This is irregular, because until the bill is filed there is no cause pending. The bill, however, is complete without it, and the entitling as to the parties is rejected as surplusage. The objections to the bill are, therefore, overruled.

Counsel for defendants also objected to the reception and reading of the affidavits annexed to the bill of complaint in support of the motion for injunction on the grounds: 1st—That they have no proper venue. 2d—That they are not entitled in any cause "in equity."

The affidavits are sworn to before United States circuit court commissioners, some of them before a commissioner for the Eastern district, and some before a commissioner for the Western district of Michigan. The venue of each is: "State of Michigan, County of Calhoun," or, "County of Kalamazoo," according, I suppose, to the county in which the oath happened to be administered. This was irregular. The proper venue of an affidavit taken before a United States commissioner is: "United States of America, District of ——," naming the district and state for which the commissioner is such. In this case it should have been "Eastern District of Michigan," or "Western District of Michigan," as the case was. In the view taken by the court, however, upon the merits of the motion, admitting all the affidavits, it is unnecessary for the purposes of this case to decide what is the effect of the irregularity in the venue.

The objection to the entitling of the court is not tenable upon the ground stated. The affidavits were all made before the suit was commenced. Such affidavits should in no case be entitled in any court or cause. When they are so entitled it is a good cause for their rejection. Reg. v. Jones, 1 Strange, 704; Rex v. Pierson, Andrews, 313; Rex v. Harrison, 6 Term R. 60; King v. Cole, Id. 640; 1 Daniell, Ch. Prac. 891; Humphrey v. Cande, 2 Cow. 509; Haight v. Turner, 2 Johns. 371; In re Bronson, 12 Johns. 460; Milliken v. Selye, 3 Denio, 54; Hawley v. Donnelly, 8 Paige, 415; 1 Barb. Ch. Prac. 600. See, also, the decision of this court made in the present term in Blake Crusher Co. v. Ward [Case No. 1,505]. But it was said at the argument, if there is no entitling how can it be known for what purpose the affidavit was made? This objection, if it be one, can be very easily obviated by stating the purpose for which it is intended in the affidavit itself.

The bill and affidavits having been read, defendants' counsel offered to read a sworn answer and accompanying affidavits in opposition to the motion. To this the complainant's counsel objected, on the ground that he had not been served with copies. Affidavits to be used in support of, or in opposition to, special motions, ought always to be served on the opposite counsel a reasonable time before the

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

motion is brought on. Where this is not done the court may reject the affidavits, or, in its discretion, allow the same to be read, giving the opposite party the option to proceed with the hearing or to take time for the perusal and examination of the affidavits, and production of affidavits in reply, where that is competent. The latter course was pursued in the present case.