# N. Y. SUPERIOR COURT.

## Asa B. Stewart agt. Joseph U. Orvis and others.

*Mutual mistake of fact — sale of a worthless note — receiving it back.*

Where a promissory note was delivered by the defendants, note brokers, to the plaintiff who was also a note broker, for sale, and the plaintiff sold the note to a customer of his, all parties believing at the time that the drawers of it were solvent, when in fact they were then insolvent, and the purchaser on learning that fact immediately called upon the plaintiff with the note, and the latter received it back and returned to the purchaser the consideration paid for it:

*Held,* that the defendants were liable to the plaintiff for the amount of the note; for, in accepting a return of the note and repaying the money to the purchaser, the plaintiff did no more than the defendants, who had acted through him, were bound legally and in conscience to do — the plaintiff had succeeded to all the rights and remedies of the purchaser.

Demurrer to complaint.

Van Vorst, *J.*—The note was delivered by the defendants who were note brokers to the plaintiff, who was also a note broker, for sale. The plaintiff made the sale to a customer in pursuance of such employment and paid over the consideration to the defendants.

Both the plaintiff and defendants, as well as the person to whom the note was sold, believed at the time of the sale and purchase, that the parties to the note were wealthy firms, engaged in business and had not suspended payment. The truth was that they had stopped payment, and were insolvent at the time. The note was sold by plaintiff at the usual rate of discount for notes of solvent persons, who were paying their commercial paper when due.

Here was a mutual mistake of material facts which entitled the injured party, if moving seasonably, to a rescission and return to him of the consideration paid on the surrender of the note (*Houghton* agt. *Adams*, 8 *Barb.*, 545; *Baldwin* agt. *Van·Deusen*, 37 *N. Y.*, 487; *Roberts* agt. *Fisher*, 43 *N. Y. R.*, 159).

Immediately after the facts were discovered by the purchaser of the note he tendered the same to the plaintiff, who only was known to him in the transaction, and demanded that the sum paid by him should be refunded. The plaintiff, received the note and refunded the amount paid him by the purchaser.

The plaintiff immediately tendered the note to the defendants and demanded the return of the money paid to them therefor, and which they still held. The defendants promised to refund the money but have failed to do so.

The return of the note by the purchaser to the plaintiff, who had made the sale and received the money as the defendants' agent, and who on demand had repaid the consideration, renders the defendants liable to him for the money paid on the return of the note.

For in accepting a return of the note and repaying the money to the purchaser the plaintiff did no more, than the defendants themselves who had acted through him were bound legally and in conscience to do. By such repayment the plaintiff succeeded to all the rights and remedies of the purchaser in the premises, arising from the facts and circumstances of the case.

The justice of the plaintiff's claim is admitted by the defendants themselves, for as is alleged in the complaint, upon the tender to them of the note by the plaintiff they promised to refund the amount paid by him. This would seem to be an approval of what he had done in receiving back the note.

There should be judgment for the plaintiff on the demurrer with liberty to defendants to answer on the usual terms.