## SHADDUCK, EXECUTOR, v. MARSH.

1. The plaintiff in attachment need not specify the cause of action in the affidavit filed by him in order to obtain the writ.

2. But the affidavit is but *prima facie* sufficient, and the court will inquire if duly issued, and in case of sufficient doubt, will require the plaintiff to deliver a statement in the nature of a particular of the cause of action, or a copy of the instrument or writing upon which the writ has been issued.

3. The affidavit of defendant as to residence, is not sufficient to obtain a motion to quash; but a rule to shew cause may be obtained on it. Further evidence must be produced to set aside the writ.

On foreign attachment.

Before Justices NEVIUS and CARPENTER.

*H. V. Speer*, moved to quash the writ of attachment in this case upon the ground that the defendant at the time the writ issued was a resident in the state of New Jersey, and also upon the further ground that the affidavit filed by the plaintiff did not disclose the cause of action, which he alleged was a penalty in a covenant not by way of liquidated damages. He read the affidavit of defendant in support of the motion. If the rule to quash could not be granted in the first instance, then he desired that the plaintiff might be required to deliver a specification of his demand, and to set forth his cause of action.

*J. Chetwood*, contra.

CARPENTER, J. The affidavit of the defendant is not sufficient in support of a motion to quash : proof must be produced from a different quarter. It may be competent for the purpose of obtaining a rule to shew cause, but it is not evidence upon which the rule can be made absolute. 7 *Halst.* 64 ; 1 *Bing.* 145.

It has heretofore been satisfactorily decided upon the words of the statute, that the plaintiff in attachment need not specify the cause of action in the affidavit filed by him in order to obtain the writ. The statute simply requires the applicant for the writ against a non-resident debtor, in addition to the fact of non-residence in this state, to swear that the defendant owes to the plaintiff a certain sum of money, specifying as nearly as he can, the amount of the debt or balance. *Rev. Stat.* 58 § 40. It is therefore *prima facie* sufficient in order to authorize the use of the writ if the plaintiff makes the affidavit in the terms required by the act. *Day* v. *Bennett*, 3 *Har.* 287.

But if such affidavit be filed, still the writ is but *prima facie* sufficient, and its regularity may be inquired into. The plain reason is given by Justice Ford, in *Day* v. *Bennett*. The statute authorizing an attachment, prescribes certain requisites which it does not require to be inserted in the affidavit. As the court, therefore, cannot know by the affidavit alone that the writ has been issued in a case within the statute, it allows an

inquiry, upon sufficient ground shewn to warrant it, to be instituted on motion even after the writ has been executed and returned. This inquiry may be upon extraneous evidence to be adduced by the defendant; or it may be by calling upon the plaintiff to shew his cause of action, and requiring him, in case of doubt, to satisfy the court that he is using the writ under the circumstances which are necessary, in order to give the court jurisdiction. As the authority to use this writ is limited to certain cases not necessary to be specified in the affidavit, the defendant ought not to be called upon to put in special bail in the dark: to submit to have his property bound up by the lien of the writ, when it may possibly appear that the plaintiff has no such cause of action as will entitle him to its use. The plaintiff may therefore properly be called upon to give the defendant a statement in the nature of a particular of the cause of action upon which his writ is founded, and such practice has been elsewhere adopted. See 1 *Dal.* 154; *Ib.* 158 ; *Ib.* 219.

Let the plaintiff in twenty days after demand thereof by the defendant, and service of a copy of this rule, deliver to the defendant or his attorney a bill of particulars of his demand, or a copy of the instrument or writing upon which the writ has been issued. And further, upon the grounds disclosed in the affidavit, let a rule be entered that the plaintiff shew cause upon the first day of, the next Term, why the writ of attachment should not be quashed.

NEVIUS, J. concurred.

CITED *in Grunway* v. *Mead,* 2 *Dutch.* 305; *Phillipsburgh Bank* v. *Lackawanna R. R. Co.,* 3 *Dutch.* 208.