STATE, JOHN B. MORRIS, PROSECUTOR, v. JOHN A. QUICK.

1. Under section 69 of the Attachment act, (*Rev.*, *p.* 55,) to make it the duty of the justice to try the facts on a motion to quash the attachment, there must have been filed with him an affidavit setting forth such facts as, if uncontradicted, evince that the writ was illegally issued and void.

2. Upon such an affidavit being filed, the defendant in attachment may move to quash the writ, and the justice is to proceed thereon to a trial of said facts. On such trial the party having moved to quash, has the burden of proof, and must sustain it by legal evidence: the affidavit so filed cannot be used as evidence on the trial of the facts.

On *certiorari.*

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the prosecutor, *M. Rosenkrans.*

For the defendant, *Thomas M. Kays.*

The opinion of the court was delivered by

MAGIE, J. The proceedings brought up in this case were commenced by attachment in a justice's court. The case shows that after the writ issued, Morris, the defendant in attachment, filed with the justice certain affidavits, which he claimed set forth facts which would render the attachment illegal and

void. The justice thereupon proceeded to try the facts as required by the sixty-ninth section of the Attachment act. *Rev.*, *p.* 55. Morris produced no witnesses, but relied on said affidavits. Quick, the plaintiff in attachment, produced witnesses, who were examined. The justice denied the motion to quash, which was made in behalf of Morris.

There is but a single question in the case demanding consideration. It relates to the propriety of the ruling of the justice in denying said motion.

A preliminary question is raised, which is of some interest. The attachment was issued against an absconding debtor. The affidavits filed with the justice show that when the writ issued Morris had a residence in the county, where service of process could have been made. They do not show that he was not absconding from his creditors. It is here contended that, upon a proceeding against an absconding debtor, the facts of residence and opportunity to serve process are immaterial and do not render the writ illegal and void. In this view the justice did not acquire jurisdiction to try the facts on a motion to quash under the sixty-ninth section. But since the other point made disposes of the case, no opinion is expressed on this question, which seems not free from difficulty.

Assuming, then, for the purposes of this case, that the affidavits were sufficient to require the justice to try the facts on a motion to quash, according to the requirements of the sixty-ninth section, what is the nature of the trial, and how is it to be conducted?

It is clear, in the first place, that such affidavits must show, on their face, such facts as, if uncontradicted, would evince that the attachment was illegal and void.

Upon filing such affidavits, a motion to quash is to be made in behalf of the defendant in attachment, and a trial of the facts—that is, of the facts shown in the affidavits—is then to take place. Upon such trial, the party moving to quash must sustain the burden of proof and establish, by legal evidence, that the writ was illegal and void and ought to be quashed. In this view it is quite apparent that the proceeding is designed

to test the legality of the issuing of the writ, in a summary way, by witnesses and proofs, which, in the higher courts, would require to be done by a rule to show cause and affidavits taken thereunder. In each case legal evidence must be produced. But the affidavits filed cannot be considered to be evidence on this trial of facts. They have been taken *ex parte* and without opportunity of cross-examination. They are like affidavits made to obtain a rule to show cause, which, it is well settled, cannot be used on the hearing of the rule. *Baldwin* v. *Flagg*, 14 *Vroom* 495.

The result of this view of what is required by this section is that Morris presented no legal evidence on his motion to quash. The justice need not have called on the other side. But the evidence presented by Quick did not tend to make out Morris' claim, but rather the contrary. The result is that the justice was required to deny the motion to quash, and the denial was not erroneous.

The judgment should therefore be affirmed, with costs.