LOUIS HITE v. WILLIAM A. DELL.

Submitted March 19, 1909—Decided June 7, 1909.

1. The fifty-third section of the Evidence act (*Pamph. L.* 1900, p. 362) and the act amendatory thereof (*Pamph. L.* 1908, p. 277) apply as well to testimony taken by consent under the fifty-seventh section of the Evidence act as to depositions taken under order of the court.

2. The power to order that the expense of depositions taken under the act concerning evidence be made a part of the taxed bill of costs of the prevailing party under amendment of April 11th, 1908 (*Pamph. L., p.* 277), is a discretionary power.

3. Where an order discretionary in its character has been made by a single justice at chambers and it appears from the terms of such order that such justice did not treat the matter as discretionary, and therefore did not exercise his discretion, such order for that reason will be reversed.

On motion to review order made by a single judge at chambers.

Before Justices GARRISON, BERGEN and VOORHEES.

For the plaintiff, *Vreeland, King, Wilson & Lindabury.*

For the defendant, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

VOORHEES, J. This is an application to review an order made by a justice of this court. Application was made to him for an order directing that the expense of the examination of certain witnesses taken *de bene esse* by commission and under stipulation should be made a part of the defendant's taxed costs, the defendant being the prevailing party in the suit. Some of the witnesses were examined by stipulation dated March 7th and April 22d, 1908, by consent under the fifty-seventh section of the Evidence act (*Pamph. L.* 1900, p. 378), which expense amounted to $141.18. The examination

of two other witnesses was made on notice and order of the court, under the provisions of said act by commissions issued in September, 1908. The order refused to allow the costs of the examinations taken by consent to be included in the bill of costs, but did allow those taken by commission to be included, and refused the allowance of the former.

Section 53 of the Evidence act originally provided that "the party requiring such examination or deposition shall be at the sole expense thereof, and shall not have any allowance for the same in the taxation of costs." This section was amended in 1908 by a supplement approved April 11th, 1908, to read as follows: "The party requiring such examination or deposition shall, in the first instance, be at the sole expense thereof, and said expense may be made a part of the taxed bill of costs of the prevailing party if so ordered by the court." *Pamph. L.* 1908, *p.* 277.

It is insisted, on the one hand, that this section as originally enacted and as amended can apply only to those examinations which are taken upon commission issued under an order of the court, and do not apply to testimony taken by consent pursuant to the fifty-seventh section of the Evidence act.

To say that the words "the party requiring such examination" shall apply only to those making application to the court for a commission, but not to those who seek out their adversaries and obtain their consent, would be a distinction not well taken. The party asking for the consent may be said to require the examination quite as much as he who manifests the requirement by an application to the court. We therefore think that the fifty-third section as it originally stood and as amended applies as well to testimony taken by consent as a deposition taken under order of the court.

But it is further claimed, on the one hand, that the power to order that the expense of the depositions be made a part of the taxed bill of costs of the prevailing party under the amendment of 1908 is not discretionary, while the other party insists that it is discretionary. That it is a discretionary power cannot be doubted, and hence, under *Key* v. *Paul,* 32

*Vroom* 133, cannot be reviewed here. If the justice making the order had treated it as a discretionary matter and had exercised his discretion his order would have been a finality. It appears, however, from the order made that he did not treat it as discretionary, and therefore did not exercise his discretion, for the order recites that "the justice being of opinion that the expense of the examinations or depositions taken by virtue of said stipulation of March 7th, 1908, and April 22d, 1908, could not be included in the taxed bill of costs of the defendant, for the reason that no provision of law exists in that behalf." For that reason the order under review must be reversed.

Whether the amendatory act, approved April 11th, 1908, would be retroactive so as to apply to the examination taken under the stipulation of March 7th, 1908, may well be doubted, but that objection could not apply to the examination taken pursuant to the stipulation of April 22d, 1908.