### WILLIAM E. HISOR v. ROBERT M. VANDIVER.

Submitted July 5, 1912—Decided November 18, 1912.

1. In actions of tort where the special cause relied on is that the defendant is not a resident and that a summons cannot be served, the absence of evidence that a summons cannot be served, from the affidavit or proof presented to the judge or commissioner for the award of a writ of attachment, is the absence of a necessary jurisdictional fact prescribed by the statute empowering the judge or commissioner to make the order, and vitiates the entire proceedings.

2. The adjudication by the commissioner upon the proofs presented to him must be as formal and precise and appear in the order as is required in actions upon contract where a defendant is held to bail.

---

On *certiorari*.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *Hugh B. Reed.*

For the defendant, *David W. McCrea.*

The opinion of the court was delivered by

KALISCH, J. This *certiorari* brings under review an application made by the prosecutor, the defendant below, to quash the writ of attachment and the proceedings had there-

under and to release and discharge the bond given by the defendant in attachment for the release of the goods attached, and an order of the Circuit Court denying the application.

· The proceedings instituted by the defendant in *certiorari,* who is the plaintiff in attachment, against the prosecutor were by virtue of the provisions of section 84 of the Practice act of 1903, as amended by the act of 1907. *Pamph. L., p.* 273.

The plaintiff's action against the prosecutor was based upon damages caused to his automobile by the alleged negligence of the defendant. The order of the Supreme Court commissioner was to the effect that it appeared to his satisfaction that the plaintiff is entitled to an order to hold R. M. Vandiver, the defendant, to bail, and that the bail be in the sum of $1,200, and that a writ of attachment do issue out of the Circuit Court, &c., at the suit of W. E. Hisor against R. M. Vandiver in the sum of $1,200. A writ of attachment was issued and the property of the defendant attached. The defendant gave a bond under section 92 of the Practice act of 1903, and the property attached was released. Although the action is founded upon a pure tort, the attachment sued out summons the defendant to answer in an action upon contract.

The materiality of this variance lies in the fact that by section 92 of the Practice act, if the action is founded upon a contract, it is required that the bond shall be in double the amount of the plaintiff's claim or cause of action, or in double the value of the property attached, whereas if the action is founded upon a tort, the court or judge fixes the amount of the bond as shall under all the circumstances be deemed reasonable, conditioned for the payment of any judgment recovered in the action. It follows, therefore, that the bond given by the defendant was not in compliance with the statute, but this irregularity was due to plaintiff's own act in issuing the writ of attachment as if it were upon contract and not of tort.

The principal contention of the defendant in *certiorari* is that the prosecutor having given a bond to secure the release of the goods, it was in effect a general appearance and thereby

waives a defect in the issuance of the writ, or at least, the object of the writ considered as process, having been obtained, the writ itself will not be quashed.

The giving of a bond to secure the release of the automobile did not constitute a general appearance. Aside from any consideration of the irregularity in giving the bond in question and though it is conditioned for the payment of such moneys as shall be adjudged due to the plaintiff in attachment, it is to be observed from the reading of the entire condition that it expressly limits the effect of it to a special appearance. And *arguendo,* it is difficult to perceive how it can be asserted with any show of reason that the giving of a bond to secure the release of goods attached constitutes a general appearance operating as a waiver of all irregularities in the issuance of the writ any more than if the owner of attached goods had substituted money for the same. If the bond contained a condition for the appearance of the defendant, undoubtedly, at common law, it would have constituted a waiver of irregularities in the original process. But this is not the case here. Moreover, in the case *sub judice,* the condition of the bond given by the defendant in attachment, among other things, recites that he, R. M. Vandiver, having entered his appearance (specially) at the suit of said plaintiff, and the said R. M. Vandiver is about to apply to the said court to set aside the said writ and discharge his property from the lien thereof. This was a clear declaration of the defendant that he appeared specially and that he denied the legality of the issuance of the writ and of the proceedings instituted by the plaintiff in attachment. It is apparent that this case differs essentially from the case of *Watson* v. *Noblett,* 36 *Vroom* 506, which held that after a general appearance to an attachment the writ will not be quashed. Upon the authority of the case cited, the attachment in the case *sub judice* is a common law attachment with the usual common law incidents. This being so the common law rules prevail and there may be a special appearance. But if any doubt could exist regarding the common law rule as to the effect of the filing of the bond by the defendant and limiting it to

a special appearance, section 91 of the Practice act expressly provides for a special appearance. We think, that by virtue of section 86 of the Practice act, it becomes wholly immaterial whether or not a general appearance has been entered by the defendant, since that section expressly provides that "the practice and procedure in relation to the said writ, its effect, levy and return  *  *  *  shall be the same as in cases of attachment against non-resident debtors, and in relation to the vacation thereof when improperly issued, the same as for setting aside an order for bail."

Section 61 of the Practice act of 1903 provides: "Any justice of the Supreme Court or judge of the court out of which a *capias ad respondendum* shall issue may  *  *  * determine upon the legality of orders for bail and discharge persons illegally arrested in civil actions whether bail has been given or not"  *  *  *  "if an order for bail is set aside, the action shall not abate but the defendant shall be discharged from arrest and his bail discharged and the action shall proceed as if commenced by summons, unless otherwise ordered by the court or judge."

It is, therefore, obvious, in view of this statute, that the filing of the bond by the defendant in attachment did not operate as a waiver of any right which he had to apply to the court for the vacation of the proceedings had against him because of their irregularity and insufficiency.

Whether or not the action shall proceed as if commenced by summons or be quashed altogether rests in the discretion of the court.

The legal vitality of the writ of attachment is questioned upon the ground that it was issued in violation of sections 85 and 86 of the Practice act.

The eighty-fifth section, among other things, provides that the commissioner shall make an order awarding the plaintiff a writ of attachment  *  *  *  which order shall prescribe the amount of the bond to be given on behalf of the plaintiff to the defendant with sufficient sureties to indemnify the defendant for all damages resulting from the attachment, and taxed costs of suit if the suit shall be discontinued or dis-

missed or if judgment therein shall be given. No such order was made by the commissioner.

The eighty-sixth section, among other things, provides: "Upon filing with the clerk of a court out of which a writ of attachment may issue the order awarding such writ and the proof upon which the same is founded and the bond approved by the court, judge or commissioner, such clerk shall issue to the sheriff or other officer a writ of attachment," &c.

The plaintiff filed with the clerk the order awarding the writ and the proof upon which the same is founded, but no bond.

To what extent these irregularities would affect the validity of the writ as a writ of attachment or as a summons, was not argued and therefore does not call for the expression of an opinion thereon.

It is familiar law that where the irregularity consists in the omission to state a jurisdictional fact such omission is fatal to the validity of the entire proceedings.

Such an attack is made by the prosecutor upon the affidavit and the order made thereon by the commissioner awarding the attachment. The affidavit is clearly defective in failing to set out facts required by the act, which authorize a commissioner to award a writ of attachment.

If the affidavit which is made the basis for the order of the commissioner is under the first subdivision of section 84, it must set out facts which would bring the defendant within sections 56 or 57 of the Practice act.

Mr. Justice Voorhees, in *Hufty* v. *Wilson*, 49 *Vroom* 242, in considering sections 56 and 57 in their application to proceedings instituted under section 84 of the Practice act, says: "In actions of tort the rule is that there must be an order to hold to bail by a judge or commissioner, but only upon proof by affidavit disclosing a good cause of action and some special circumstances why the order should be made. *Benson* v. *Bennett,* 1 *Dutcher* 166. Actions for outrageous battery or mayhem and actions for seduction are said to be exceptions to this rule. *Wert* v. *Strouse,* 9 *Vroom* 184. Special reasons ordinarily cited are non-residence of the de-

fendants or facts and circumstances from which it may be inferred that the defendant may not be in the jurisdiction to answer to a judgment when rendered." The order to hold to bail was endorsed upon the writ and was held to be sufficient. It was not required that the order to hold bail in actions of tort must show upon its face that the commissioner had adjudicated upon the facts before him. This practice has been radically changed by the Practice act of 1903. Section 56 provides: "The writ of *capias ad respondendum* shall not be issued in any action founded upon a tort, except upon proof by affidavit or otherwise to the satisfaction of the court in which the action is about to be commenced or to a judge or supreme court commissioner, of the grounds upon which bail is required, and thereupon the court * * * shall make an order for bail * * * but no such order shall be made unless * * *. *Third*. The proof establishes special cause as heretofore for holding the defendant to bail."

Thus, it is to be observed that the legislature has established the same procedure prescribed in holding to bail in actions upon contract.

This being so, it follows that before awarding the writ either of *capias ad respondendum* or attachment, the judge or commissioner must adjudicate upon the facts before him and that he did so must appear upon the face of the order awarding the writ in the same manner as in actions upon contract to hold the defendant to bail. *Hufty* v. *Wilson, supra,* 243.

Before disposing of the question relating to the validity of the order it will be serviceable to examine into the sufficiency of the proof upon which the order is based.

The special circumstance relied on for the issuance of the attachment is the statement in the affidavit to this effect: "That said R. M. Vandiver is a non-resident of the State of New Jersey, and as deponent verily believes a resident of Alabama."

We think the affidavit is fatally defective in that it fails to set out that a summons cannot be served. The language

of paragraph 2 of section 84 of the Practice act of 1907, as amended, is to this effect: "or is not a resident of this state, and that summons cannot be served." Not only must it appear by legal evidence that the defendant is not a resident of this state, but also that a summons cannot be served. The non-residence of a defendant against whom an action of tort was about to be brought was a special reason justifying an order to hold to bail. *Benson* v. *Bennett,* 1 *Dutcher* 166.

By the amendment of the eighty-fourth section of the Practice act of 1907, the first subdivision thereof provides that an attachment may issue where the plaintiff would be entitled to an order to hold a defendant to bail under the provisions of the act. Now, we have seen that in a tort case where it was necessary to allege a special reason for holding a defendant to bail the allegation of non-residence was sufficient for that purpose.

What constitutes a non-residence as will justify the issuance of a writ of attachment is well stated by Mr. Justice Depue, in *Baldwin* v. *Flagg,* 14 *Vroom* 495, 498, as follows: "Perrine *ads.* Evans in this court (6 *Vroom* 221), and Stout *v.* Leonard, in the Court of Errors and Appeals (8 *Id.* 492), have placed this subject on a rational basis. A debtor may have his domicile in another state, and yet be exempt from process of attachment in this state. He may be in the habit of coming into this state so frequently and openly that a creditor by watching an opportunity, may obtain a personal service of process upon him, and still he will be liable to process of attachment. "A residence or place of abode in this state of a temporary or permanent character, at which a summons might lawfully be served, is the condition on which process of attachment cannot be issued. If the debtor has not such a place of abode that a summons cannot be served at it, he is a non-resident within the meaning of the statute, and may be proceeded against by attachment." *Coles* v. *Blythe,* 40 *Id.* 204.

Thus we observe that our courts have defined a non-resident within the meaning of the Attachment act to be one

who is not a resident of this state or has no place of abode in this state either of a permanent or a temporary character.

From the reasoning of the cases referred to if a defendant came daily into this state to transact his business here and had his residence or place of abode in New York, he would be a non-resident within the meaning of the Attachment act and amenable to the process of attachment. This was the state of the law at the time of the passage of the amendment of the eighty-fourth section of the Practice act in 1907. It is highly important to bear this in mind in view of the fact that under the first subdivision of section 84, an order to hold a defendant to bail may be made in an action of tort where as a special cause there is an affirmation of his non-residence.

We now turn to the second subdivision of section 84, which reads: "That the plaintiff has a cause of action the nature and particulars of which he shall specify and that the defendant absconds from his creditors or is not a resident of this state, and that summons cannot be served." This subdivision also applies to actions of tort. Now, since a summons may be served personally upon as well as at the place of abode of a defendant, the legislative declaration that an attachment may issue where it appears that the defendant is a non-resident and summons cannot be served, manifestly requires that the affidavit upon which the process of attachment is applied for shall contain legal evidence of the facts showing that the defendant is not only a non-resident of this state, but also that a summons cannot be served.

The first and second subdivisions of section 84 being in *pari materia* must be read together and then, at once, it becomes obvious that the legislature in affording this new remedy in actions of tort intended that the naked affirmation of non-residence shall not be a sufficient basis to obtain a writ of attachment, unless it is accompanied by an affirmation of facts showing that a summons cannot be served.

Of course, what has been said does not apply to cases where the tort complained of is an outrageous assault and battery, mayhem or seduction. For proof of the commission

of any of these acts warrant an order to hold to bail without any other special cause and consequently will suffice for the award of the writ of attachment upon the same basis.

We are of the opinion that in those cases of tort where the special cause relied on is that the defendant is not a resident and that a summons cannot be served, the absence of evidence that a summons cannot be served from the affidavit or proof presented to the judge or commissioner for the award of a writ of attachment is the absence of a necessary jurisdictional fact prescribed by the statute empowering the judge or commissioner to make the order and vitiates the entire proceedings.

The validity of the order awarding the writ of attachment is also attacked upon the ground that it does not show upon its face that the commissioner has exercised his judicial discretion and made a decision upon it, and that the proof of the particulars necessary to authorize the awarding of the writ was satisfactory. The contention of the prosecutor is that since the passage of the act of 1903 such adjudication is necessary to the validity of the order. This phase of the case was present in *Hufty* v. *Wilson*, 49 *Vroom* 241, and was satisfactorily dealt with in an opinion by Mr. Justice Voorhees, holding that under the act of 1903 the order of the judge or commissioner must show upon its face that he has adjudicated upon the proofs presented to him and that the proof of the particulars necessary to authorize the awarding of the writ was satisfactory. The adjudication by the commissioner upon the proofs presented to him must be as formal and precise and appear in the order as is required in actions upon contract where the defendant may be held to bail.

The order under review wholly fails in that regard. Furthermore, it appears by the order that it awards a writ of attachment against R. M. Vandiver, whereas the act requires that it shall be awarded against the goods and chattels of the defendant.

The writ of attachment will be quashed and the proceedings had thereunder set aside.