FRANCES HAYS HANFORD, PLAINTIFF AND APPELLANT, v. ANITA DUCHASTEL, DEFENDANT AND RESPONDENT.

Argued November 29, 1914—Decided March 1, 1915.

1. An order quashing a writ of attachment is in effect an order in the nature of a final judgment, and may be reviewed by appeal.
2. Where trust moneys can be traced into the hands of a party who had knowledge of the violation of the trust, they can be recovered in an action at law for moneys had and received, as well as by a bill in equity to enforce a constructive trust, where, in fact, the defendant received actual moneys.
3. Although an agent transfers to a third person moneys held in trust for his principal, they cannot be recovered by the principal if they were received by the third person in due course of business for a valid consideration and without notice of the breach of the trust.

4. Section 84 of the Practice Act of 1903, as amended (*Pamph. L.* 1907, *p.* 273), permitting the issuance of an attachment "upon proof by affidavit or otherwise" establishing among other things "that the plaintiff has a cause of action the nature and particulars of which he shall specify" means proof of facts sufficient to establish such particulars, and not mere belief or conclusions of the witness.
5. When two different allegations are set forth in the disjunctive, the one must be taken which is most against the party pleading.
6. In order that the principal may be affected with a constructive notice of matters known to the agent, the information constituting the notice must be obtained by or imparted to the agent while he is in fact acting as agent—while he is actually engaged in doing his principal's business in pursuance of his authority and in his character as agent.
7. The knowledge of the agent is chargeable upon his principal only whenever the principal, if acting for himself, would have received notice of the matters known to the agent.

On appeal from the Supreme Court.

For the appellant, *Howard Isherwood, William Huck, Jr.,* and *Gilbert Collins* (*George C. Lay* of the New York bar on the brief).

For the respondent, *Ruliff V. Lawrence* (*Robert Louis Hoguet* of the New York bar on the brief).

The opinion of the court was delivered by

TRENCHARD, J.  This is an appeal by the plaintiff below from an order made by Chief Justice Gummere quashing a writ of attachment on the ground that the affidavit upon which the writ was issued did not set forth a cause of action.

We are of the opinion that the writ was properly quashed.

Putting out of view the allegations respecting the defendant's non-residence, the affidavit, stripped of its verbiage, sets forth the following matters of fact:

On July 3d, 1913, in New York City, the plaintiff entrusted to Butts & Vining, her attorneys, $14,000, to be invested by them in a specific bond and mortgage.  Butts & Vining failed to do this but on the same day Thomas W. Butts, a member of the firm, endorsed the firm's name upon the

plaintiff's check for $14,000, which had been drawn to the order of Butts & Vining, and "deposited the said check to his individual account in the Citizens' Central National Bank, of the city of New York, and collected said check, and out of said identical moneys so deposited by him transmitted a portion thereof, to wit, $12,000, to the defendant at Vancouver, British Columbia, and the defendant, on or about the 5th of July, 1913, received the same at Vancouver." At the time of the transmission of the $12,000, Butts was the agent and attorney-in-fact of the defendant, holding her written power of attorney authorizing him "to invest, collect, receive and remit moneys *belonging to the said defendant,* proceeds of securities *owned by said defendant,* income upon investments and proceeds of sale of real and personal property *belonging to the said defendant,* in the hands of said Butts as such agent and attorney-in-fact." The affidavit then alleges in terms of general conclusion that the guilty knowledge of Butts was the knowledge of the defendant, and that the defendant received the sum of money with knowledge or notice that the plaintiff was the true owner thereof and that *"at the time of the receipt"* by her of the money, she "yielded up, surrendered and parted with no money, securities or other property *constituting a present consideration* for the receipt of said $12,000, nor became a *bona fide* owner thereof, nor otherwise changed her position, but with notice, actual or *constructive,* of the plaintiff's title to said moneys, received the said $12,000 from the said Thomas W. Butts, her agent and attorney-in-fact, who had charge of her money and property and *was under an obligation to remit to said defendant at her special instance and request only such moneys as belonged to the defendant."* The affidavit concludes with an allegation that the moneys so received were at the time of the transmission impressed with a trust in favor of the plaintiff and that the defendant is affected with *"constructive notice"* of the trust and that the defendant has participated in the fruits of the breach of trust.

At the outset we remark that it is quite clear that the order quashing the writ of attachment is in effect an order

in the nature of a final judgment and may be reviewed in this court. *Defiance Fruit Co.* v. *Fox,* 76 *N. J. L.* 482; *Knight* v. *Cape May Sand Co.,* 83 *Id.* 597.

Passing now to the main controversy, we think it is well settled that where trust moneys can be traced into the hands of a party who had knowledge of the violation of the trust, they can be recovered in an action at law for moneys had and received, as well as by a bill in equity to enforce a constructive trust, where, in fact, the defendant received actual moneys. *Sargeant* v. *Stryker,* 16 *N. J. L.* 464; *Demarest* v. *Inhabitants of New Barbadoes,* 40 *Id.* 604; *United States* v. *Boston State National Bank,* 96 *U. S.* 30. Here the allegation is that Butts "transmitted" to the defendant $12,000, but in what manner it was "transmitted" is not stated.

But it is equally well settled that, although an agent transfers to a third person moneys held in trust for his principal, they cannot be recovered by the principal if they were received by the third person in due course of business for a valid consideration and without notice of the breach of the trust.

This writ was granted by the Supreme Court commissioner under section 84 of the Practice act, 1903, as amended (*Pamph. L.* 1907, *p.* 273), permitting the issuance of an attachment "upon proof by affidavit or otherwise" establishing among other things "that the plaintiff has a cause of action the nature and particulars of which he shall specify" and this of course means proof of facts sufficient to establish such particulars, and not mere belief or conclusions of the witness. *Kennedy* v. *Chumar,* 26 *N. J. L.* 305.

Now we fail to find in the affidavit in question any proof of facts sufficient to establish that the defendant had notice of the breach of the trust or that she did not receive the moneys in question in the course of business for a valid consideration.

We think it clear that there is no proof of *actual* notice of the breach of trust. It is true that the affidavit says that the defendant never "became a *bona fide* owner thereof, nor

otherwise changed her position." But this allegation must be construed, not by itself, but in conjunction with the words following the adversative clause, beginning with the word "but," from which it is apparent that the negative words "nor became a *bona fide* owner" are alleged in apposition with and are to be regarded as the equivalent of the positive allegation immediately following them, that "with notice, actual *or constructive*," the defendant received the moneys.

The notice alleged *may*, therefore, be *either* actual or constructive. Such a disjunctive allegation amounts merely to a statement that the defendant had *constructive* notice, for it is a rule of law that when two different allegations are set forth in the disjunctive, the one must be taken which is most against the party pleading. *Stevens* v. *The Central Railroad Co.*, 33 *N. J. L.* 229; *Swartz Brothers Co.* v. *The Evening News Publishing Co.*, 84 *Id.* 486.

It is plain, therefore, that the charge of lack of *bona fides* simmers down to an allegation of *constructive* notice. And this evidently is all that the plaintiff intended to charge, for it is significant that the affiant does not use the words *mala fide* or fraudulently, which would be the natural ones, if guilty knowledge were really intended to be charged.

Since the affidavit charges no personal guilty knowledge on the part of the defendant, it remains to be considered whether it avers lack of consideration and whether the fact that Butts had a power of attorney from the defendant can be laid hold of as a substitute for the evident absence of any guilty knowledge on the part of the defendant.

Now the affidavit does not allege that the defendant did not receive the moneys in the due course of business, and for all that appears she may have received it for a consideration which was perfectly adequate, such as in payment for a pre-existing indebtedness. At most upon this phase of the case the matters of fact set up in the affidavit amount to a statement that the defendant did not *"at the time"* she got the money, give up anything for it *"constituting a present consideration,"* and this is not at all inconsistent with the

notion that it was paid to her in satisfaction of a pre-existing indebtedness. We therefore find no allegation of want of a valid consideration.

We also think it is quite clear that the knowledge of Butts that the moneys transmitted to the defendant were the moneys of the plaintiff cannot be imputed to the defendant.

The plaintiff's theory of such constructive notice is based upon the fact that at the time Butts received and paid over these moneys he held the defendant's power of attorney under which he was authorized to collect and receive moneys belonging to the defendant and to remit them to her.

But this theory is not well founded. It completely overlooks the elementary rule that in order that the principal may be affected with a constructive notice of matters of fact known to the agent, the information constituting the notice must be obtained by or imparted to the agent while he is in fact acting *as agent,* while he is actually engaged in doing his principal's business in pursuance of his authority and in his character as agent. *Pom. Eq. Jur.,* § 670. Here, however, the affidavit makes it quite clear that Butts received the money as agent, not for the defendant, but as agent for the plaintiff, and the transmission of it by him to the defendant was palpably not in the course of his agency for her, for the power, as carefully defined by the affidavit, was limited to a collection and remission of moneys *"belonging to the defendant."* After Butts deposited the moneys to his own credit he was dealing on his own account in transmitting it to the defendant.

Moreover the knowledge of the agent is chargeable upon his principal only whenever the principal, if acting for himself, would have received notice of the matters known to the agent. *Vulcan Detinning Co.* v. *American Can Co.,* 72 *N. J. Eq.* 387. It is quite plain that if the defendant had acted for herself in collecting the money from Butts she would not have ascertained the fact that it was not his money, but the plaintiff's money. No doubt Butts would have carefully concealed that fact from her. We conclude, therefore, that the

affidavit is insufficient to hold the defendant upon the theory of constructive notice of the breach of trust.

The order will be affirmed, with costs.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 12.

*For reversal*—BLACK, J. 1.