GUSTAVE KEIN, RESPONDENT, v. NATHAN KATZ, APPELLANT.

Argued June 20, 1918—Decided November 18, 1918.

1. An affidavit to hold to bail which has no caption with the name of the cause, but merely an endorsement on the back thereof of the names of the parties, is not "entitled in the cause."

2. An endorsement of the names of the parties on the back of an affidavit to hold to bail is no part of the affidavit, but merely a note of convenience indicating where the paper is to be filed in the clerk's office.

3. An order holding the defendant to bail in an action upon contract, which shows upon its face that it was made upon proof by affidavit, to the satisfaction of the judge or commissioner, of the particular facts found therein, and necessary to authorize the order, is sufficient without therein reciting the evidence by which such facts were established.

4. On an appeal every intendment is in favor of the correctness of the judgment below, and doubt will not lead to a reversal.

5. The mere fact that the complaint was not annexed to the *capias ad respondendum* will not lead to a reversal of the plaintiff's judgment, when it appears that they were both served the same day, that the defendant answered and filed a counter-claim, and upon an examination of the whole case it does not appear that such error of pleading or practice injuriously affected the substantial rights of the defendant.

6. The mere fact that the *capias ad respondendum* contained no clause admonishing the defendant to file his answer within twenty days, will not lead to a reversal of the plaintiff's judgment, where the complaint served with the writ contained such clause and the defendant in fact answered within the time limited, and it does not appear that such error injuriously affected his substantial rights.

On appeal from the Union County Circuit Court.

For the appellant, *Daniel D. Loeb* and *Saul Nemser*.

For the respondent, *Stamler & Stamler*.

The opinion of the court was delivered by

TRENCHARD, J.   The defendant below was held to bail on the ground of fraud in the inception of the contract sued on. There was a verdict and judgment in favor of the plaintiff.

On this appeal the defendant seeks to get rid of that judgment by an attack on the order made by the trial judge denying the motion to strike out the complaint and to discharge the defendant's bail.

We are of the opinion that the judgment must be affirmed.

The defendant's first point is that "the affidavit for bail is defective because it is improperly entitled," and this rests upon the contention that such an affidavit "should not be entitled in the cause." This point is not well founded in fact. The affidavit in question is not entitled in the cause, *i. e.*, it has no caption with the name of the cause.

True, it bears an endorsement on the back thereof of the names of the parties, but such an endorsement is no part of the affidavit. It is merely a note of convenience indicating where the paper is to be filed in the clerk's office.

We believe it has not been the practice to entitle such an affidavit in the cause (*Potter* v. *Cook,* 30 *N. J. L. J.* 206), but for the reason stated we are not required to determine what would be the effect of so doing.

The next point is that the Supreme Court commissioner's order to hold to bail was insufficient, and this rests upon the contention that he "did not set forth in his order the facts which were held by him to constitute fraud." This point has no merit. If, as we take it, the contention is that the facts constituting the fraud are not set forth in the order, it is not well founded in fact. If the contention is that the order is insufficient because the evidence by which the facts were established is not set forth therein, the contention is ill founded in law. The order shows upon its face that it was made upon proof by affidavit, to the satisfaction of the Supreme Court commissioner, of the particular facts found therein, and necessary to authorize the order. That was sufficient and it was unnecessary to recite therein the evidence by which such facts were established. *Wire* v. *Browning,* 20 *N. J. L.* 364; *Hill* v. *Hunt, Id.* 476; *Bowne* v. *Titus,* 30 *Id.* 340.

There is no merit in the next point, which is that the complaint was not annexed to the *capias ad respondendum* as required by *Pamph. L.* 1912, *p.* 394, *rule 54.*

There is nothing in the record to show whether the complaint was or was not annexed to the *capias,* and every intendment is in favor of the correctness of the judgment below, and doubt will not lead to a reversal. *Phillips* v. *Longport,* 90 *N. J. L.* 212.

But even if it appeared that the complaint was not annexed to the *capias* that would not lead to a reversal under the circumstances disclosed by the record. The unchallenged return of the sheriff shows that they were both served the same day. The record shows that the defendant filed an answer and counter-claim, and, upon an examination of the whole case, it does not appear that such error of pleading or procedure injuriously affected the substantial rights of the defendant. *Pamph. L.* 1912, *p.* 382, § 27.

Neither do we find any merit in the last point, which is that the *capias ad respondendum* contained no clause admonishing the defendant to file his answer within twenty days.

True, it did not—the form employed being that of the old writ—no doubt because the new Practice act 1912 did not prescribe a new form. We think it should have contained such clause, but that does not lead to a reversal where, as here, the complaint served with the writ contained such clause, and the defendant in fact answered within the time limited, and it does not appear that such error injuriously affected his substantial rights.

The judgment below will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 11.

*For reversal*—None.