## PELLEGRINO VITALANO v. MIKE ROFFO.

Argued October 7, 1925—Decided November 2, 1925.

Capias ad Respondendum—Capias Will be Set Aside Where Affidavit was Entitled in the Cause When No Cause was Pending—Also, When Order of Supreme Court Commissioner Fails to Adjudicate Sufficient Cause For Holding Defendant to Bail—It Must be Adjudged in Cases of This Character, Among Other Things, That Defendant is a Non-resident or Intends to Depart the State to Avoid Answering Judgment—Affidavit Nowhere States Full Name of Defendant.

On motion to open default judgment and to release defendant from arrest under a *capias ad respondendum.*

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff, *Emil J. Hoos.*

For the defendant, *Harry Silverstein.*

PER CURIAM.

At the argument it was practically conceded that the default judgment might be opened and a trial had on the merits, saving to the plaintiff all lien and other advantage arising out of his judgment, execution and levy. Such will be the order. Further proceedings under the execution to abide the event of the trial.

The defendant is in jail by virtue of a *capias ad respondendum,* having failed to give bail, and asserts that the *capias* should be set aside and this suit proceed as though commenced by summons. We think he is entitled to this and for two reasons—first, that the affidavit on which the *capias* is based was entitled in the cause, when no cause was pending. This may be said to have a technical sound, but the law seems well settled in England and New York, and the cases in both jurisdictions were cited and followed in

*Potter* v. *Cook,* 30 *N. J. L. J.* 206, which, on the facts, is exactly in point. That decision, it is true, was by a Circuit Court judge, but while cited more than once in the reports, and distinguished, it has never been overruled. See *Kein* v. *Katz,* 92 *N. J. L.* 406; *Ferenga* v. *Moskowitz,* 1 *N. J. Mis. R.* 170. And the rule is supported by excellent authority, we are content to follow it and note in the case at bar that the affidavit nowhere states the full name of defendant except in the case heading. It speaks continually of "the defendant," once of "the defendant Roffo" and once of "Mr. Roffo." Hence, defendant cannot be identified without the title, and, as a corollary, that title cannot be rejected as surplusage.

The other reasons is that the order of the Supreme Court commissioner fails to adjudicate sufficient cause for holding defendant to bail. It adjudges that he enticed away and seduced the plaintiff's wife, but that alone is not sufficient; it must also be adjudged that (in a case of this character) the defendant is a non-resident, or intends to depart the state to avoid answering the judgment. *Hufty* v. *Wilson,* 78 *N. J. L.* 241, 243. The order says nothing on this point, and must be set aside, as was done in the case just cited. Rule may be entered accordingly.