ELEANOR M. STUERWALD, PLAINTIFF, v. DAVID STARR FURMAN, SOMETIMES SPELLED "PFIRRMAN," DEFENDANT.

Decided May 11, 1926.

**Bail—Motion to Quash—Affidavit on Which Capias was Based was Entitled in the Cause When no Such Cause was Pending—This is Fatal to Its Validity—Writ is Quashed so That Defendant be Re-arrested.**

On motion to quash. On order for bail.

Before Justice KALISCH, sitting at chambers.

For the motion, *Furst & Furst.*

*Contra, McCarter & English.*

The opinion of the court was delivered by

KALISCH, J. This matter comes before me on notice given on behalf of the defendant to the plaintiff's attorneys to vacate an order to hold the defendant to bail, as having been improvidently issued, and in support of the motion the following reasons are presented:

"1. The *capias* therefore was made on non-sufficient affidavits. 2. The affidavit on which the *capias* based was entitled in the case when no cause was pending. 3. That it does not set forth a cause of action upon which a *capias* may be issued. 4. That the order of the Supreme Court commissioner fails to adjudicate sufficient cause for holding the defendant to bail."

The affidavit of the complaint, which is the basis of the order and the issuance of the *capias,* is styled in the "Supreme Court, Union county, Eleanor M. Steuerwald, Plaintiff, *v.* David Starr Furman, sometimes spelled 'Pfirrman,' Defendant." The deposition commences with the averment, "I am the plaintiff in the above-entitled action." With the exception of the averments that she became acquainted with the defendant, David Starr Furman, and that from October, 1918, we were known as Mr. and Mrs. David Starr Furman," she refers to him as if he were defendant in an action pending in the Supreme Court brought by the affiant against him, whereas there was no such action pending at the time. Annexed to her affidavit are two affidavits, each of which bears the caption, "Action at Law," without mentioning the court or parties. The affidavit of John Gregory is made on information and belief, and is of no probative value. The other affidavit, by Esther Elizabeth Meyer, adds no force to the matters set forth in the affidavit of complainant. There are also appended to the complainant's affidavit an exemplified copy of the marriage license issued in Washington, District of Columbia, to the complainant, and David S. Furman, a certificate of the city clerk of the city of Newark, certifying to a record in his office of the marriage of the complainant to C. David Pfirrman, on December 31st, 1912, a copy of the divorce proceedings instituted by Karl David Pfirrman against Elizabeth Pfirrman, formerly Esther Elizabeth Meyers, on February 11th, 1919, and a copy of the record of its dismissal on the petitioner's application on May 4th, 1923. All these matters were before the Supreme Court commissioner at the time the application was made to him to hold Furman to bail to answer unto the complainant in an action

at law. It is not pretended that an action at law was pending at the time the affidavits were presented to the commissioner for his judicial determination. The well-settled practice was and is to state in the moving affidavit where an order to hold to bail is applied for preliminary to bringing an action at law, that the complainant or affiant is about to commence an action at law, &c. I am unable to distinguish the legal posture of the instant case from that presented in *Potter* v. *Cook,* 30 *N. J. L. J.* 206, where it was held that to entitle a complainant's affidavit as being in a cause, when no such cause was pending, is fatal to its validity. This legal rule was enunciated by Mr. Justice Joel Parker sitting as a Circuit Court judge, but the soundness of his decision has been recognized by our Supreme Court in several cases, the latest instance of which is the case of *Vitalano* v. *Roffo,* 3 *N. J. Adv. R.* 1135. The other questions raised need not be considered, for the reason that, for the defect pointed out in the moving affidavit, the order to hold to bail may be set aside, and, following the practice adopted in *Perry* v. *Orr,* 35 *N. J. L.* 302, in order that the plaintiff's remedy be not defeated, the writ is quashed, so that the defendant may be re-arrested.