UNION COUNTY CIRCUIT COURT.

CECILE VAN DE VELDE, BY HER NEXT FRIEND, CLEMENT VAN DE VELDE, AND CLEMENT VAN DE VELDE, PLAINTIFFS, v. ACHILLES COLLE, DEFENDANT.

For the plaintiffs, *Mantel & Kaplon.*

For the defendant, *Michael G. Alenick.*

CASE, J. This is an action in tort instituted by *capias ad respondendum.* The order to hold the bail was made by a Supreme Court commissioner based on an affidavit of the plaintiff, Cecile Van De Velde. The defendant moves to set aside the order for bail and to quash the writ of *capias* and to discharge the bail, and sets up as reasons that (1) the affidavit is fatally defective because entitled in the cause and (2) the Supreme Court commissioner's order to hold to bail is insufficient.

The affidavit, upon which the order to hold to bail issued, is entitled: "Union County Circuit Court. Cecile Van De Velde, by her next friend, Clement Van De Velde, and Clement Van De Velde, plaintiffs, *v.* Achilles Colle, defendant. Action at law (about to be instituted). Affidavit to obtain *capias.*" Under the principle enunciated in *Stuerwald*

v. *Furman,* 133 *Atl. Rep.* 187, and earlier cases, the entitling of such an affidavit in a cause, when no such cause was pending, is fatal to its validity. Plaintiff submits that the parenthetical insertion "about to be instituted" after the designation "action at law," saves the instrument from this fault and that the title may be disregarded as surplusage. I am inclined to think that the practice followed in this case runs counter to a rather well established principle, but I come to my conclusion on the grounds hereinafter mentioned.

The exercise of the judicial discretion vested in the commissioner and the forming of his decision must appear upon the face of the order. *Hill* v. *Hunt,* 20 *N. J. L.* 476. The order of the Supreme Court commissioner recites that the commissioner has read the affidavit of Cecile Van De Velde and, having duly considered the same, does "adjudge and decide that, by said affidavit, it is sufficiently proved before me that the defendant committed an assault and battery upon the plaintiff, Cecile Van De Velde, and also seduced plaintiff, Cecile Van De Velde, and promised to marry her, which acts were committed a number of times commencing with August 28th, 1928, * * *." The essential proof upon which an order may be made for the issue of a *capias ad respondendum* in an action at tort is found in 3 *Comp. Stat., p.* 4068, § 56. The proof of assault and battery is not included therein. The insufficiency of simple assault and battery as a ground for an order to hold to bail has been judicially determined. *Jacobs* v. *Costanza,* 136 *Atl. Rep.* 807. Even though the affidavit should contain proof of an outrageous assault and battery, it is essential, as indicated above, that the commissioner shall make his finding with respect thereto.

The finding of seduction is not sustained by the proofs. Miss Van De Velde specifies two occasions, one on August 28th, 1928, and one at a subsequent unnamed date, when Colle attacked her and by violence and against her consent had sexual intercourse with her; that thereafter Miss Van De Velde became ill and went to Saranac Lake to recover her health, and that while she was there Colle wrote her on several occasions promising to marry her and that after her return

he again promised to marry her. It is clear, however, that the acts of sexual intercourse were by force and that the promises or solicitations were made subsequent to the acts complained of. The generally accepted definition of seduction is that it is the act of a man in enticing a woman to have unlawful intercourse with him by means of persuasion, solicitation, promises, bribes or other means without the employment of force. 35 *Cyc.* 1294. Nor is it made manifest how Miss Van De Velde could herself bring an action for seduction inasmuch as the gravamen of that action by whomsoever prosecuted is predicated upon the relationship of master and servant. *Tittlebaum* v. *Boehmeke,* 81 *N. J. L.* 697.

The remaining finding by the commissioner, namely, that Colle promised to marry Miss Van De Velde, forms no basis for the order to hold to bail. The proofs do not bring the case within that line of rulings that find fraud in a seduction effected by means of an unkept promise to marry. *Perry* v. *Orr,* 35 *N. J. L.* 295.

The order to hold to bail must be set aside and the writ quashed and the bail discharged.