BEN RAUSCHBACH, PLAINTIFF, v. DUVAL FOOD PRODUCTS COMPANY, INCORPORATED, A CORPORATION, AND EMMA FRITSCH, DEFENDANTS.

Decided October 3, 1933.

Argued before Justice PARKER, at chambers.

For the plaintiff, *Maurice Jordan Price*.

For the defendants, *Chandless, Weller & Selser*.

PARKER, J. I conclude that the writ of attachment must be quashed. The principal argument for the defendants rested on the general proposition that the language of the affidavit was insufficient to prove a *prima facie* case of attempt to remove property out of the jurisdiction for the purpose of

defrauding creditors. This is undoubtedly the gravamen of the affidavit and I take it that the attempt of the plaintiff was to bring the case within clause three of the first section of the Attachment act of 1901, the language of which is "(3) where the court or a judge thereof, or a Supreme Court commissioner shall make an order for the issue of an attachment upon proof, by affidavit of fraud which would warrant an order for a *capias ad respondendum."* This clause was not in the former Attachment act and was doubtless introduced for the purpose of bringing within its purview the class of cases covered by chapter 43 of the laws of 1895. *Pamph. L., p.* 103, 104. In order to obtain an attachment under that act or under the third clause above referred to, the affidavit must be such as would be sufficient to justify an order for bail. I have grave doubt whether the plaintiff has made out a case but it seems unnecessary to go further on that point because of a defect in the affidavit which, to my mind, is controlling.

In *Potter* v. *Cook,* a decision by me as Circuit Court judge in 1907, reported in 30 *N. J. L. J.* 206, definitely held that an affidavit for bail was insufficient if entitled in a cause, the theory being that no cause is pending when the affidavit is made, and for that reason perjury cannot be assigned thereon. This case has been several times referred to in decisions of the Supreme Court and Court of Errors and Appeals and has never been overruled; and in the recent cases of *Vitalano* v. *Roffo,* 3 *N. J. Mis. R.* 1130; 130 *Atl. Rep.* 815, and *Stuewald* v. *Furman,* 4 *N. J. Mis. R.* 470; 133 *Atl. Rep.* 187, I definitely held there can be no distinction in this regard between an affidavit made for the purpose of obtaining an order for bail and an affidavit made for the purpose of obtaining an order for attachment, because the Attachment act specifically requires the same kind of an affidavit. The whole action is founded on it in either case.

Now the affidavit before me is entitled in the cause naming certain parties as defendants, and several times in the course of the affidavit it mentions the "defendants" and also the "plaintiff," so that as in the case of *Potter* v. *Cook, supra,* it

is impossible to separate the heading of the affidavit from the body of it.

This reasoning, of course, may seem technical but, as noted in the two cases cited, it is founded upon sound and substantial consideration.

Counsel may present a rule quashing the attachment.