WILLIAM VEALE AND DAVID H. VAIL, PLAINTIFFS-RE-SPONDENTS, v. JOHN M. NICHOLS AND GROVER C. NICHOLS, INDIVIDUALLY, AND TRADING AS SOUTH JERSEY POLE COMPANY, DEFENDANTS-PROSECU-TORS.

Submitted January term, 1934—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiffs-respondents, *Russell S. Henderson.*

For the defendants-prosecutors, *Powell & Erickson.*

PER CURIAM.

This writ of *certiorari* and the return thereto bring up for review the validity of an order holding the prosecutors of the writ to bail in a civil action. The writ particularly is ad-

dressed to an order made by the Circuit Court judge of Cumberland county, denying motion to quash and set aside the said order holding the prosecutors to bail and to quash the capias and to discharge the bail.

The prosecutors attack the order holding the prosecutors to bail on the ground that the affidavit on which the order holding to bail is based is fatally defective, in that it is entitled in the case. An inspection of the record in this case makes manifest the fact that the two affidavits, upon which the *capias ad respondendum* was sought, were entitled in the cause; that the applicants for the capias are designated therein as plaintiffs and defendants. This being so, we must conclude that the order denying the motion to set aside the order holding prosecutors to bail must be vacated, the capias quashed, and the bail discharged. It is well settled that the entitling of an affidavit, the purpose of which is to secure an order to hold to bail, in a cause which is not pending, as here, is fatal to its validity. *Sluerwald* v. *Furman*, 4 *N. J. Mis. R.* 470; 133 *Atl. Rep.* 187; *Van De Velde* v. *Colle*, 8 *N. J. Mis. R.* 782; 152 *Atl. Rep.* 645; *Rauschbach* v. *Duval Food Products Co., Inc.*, 11 *N. J. Mis. R.* 900; 168 *Atl. Rep.* 591; *Vitalano* v. *Roffo*, 3 *N. J. Mis. R.* 1130; 130 *Atl. Rep.* 815.

The respondents contend, in answer to this point, that the prosecutors of this writ are in laches; that having given bail they cannot now take advantage of the infirmities in the affidavit upon which the order holding to bail was founded. This point has no merit. Certainly if the judge of the court, out of which the capias to respond issues, may determine the legality of orders for bail and discharge persons illegally arrested in civil actions, whether bail has been given or not (see section 61, Practice act; 3 *Comp. Stat., p.* 4071), this court, on *certiorari,* may reverse the order of the Circuit Court which denied the application to set aside the order for bail, and such will be the order, with costs.