The affidavit for attachment was entitled in a supposed cause, between appellant as plaintiff and respondents as defendants. It states that affiant is "the plaintiff in the above stated cause," and speaks of Paul J. Sartain and John V. Rice, Jr., "who are the defendants in said cause," and that "neither of said defendants has a residence or place of abode in the State of New Jersey,"c.
The motion to vacate the order for attachment and to quash the writ was heard and decided by Mr. Justice Trenchard, who communicated his conclusions to counsel in letter form, as follows:
"Since the affidavit which is the basis for the order for attachment is entitled in the `Supreme Court, Mercer County,' `Lee R. Burleigh, Plaintiff, vs. Paul J. Sartain and John V. Rice, Jr., Defendants,' and the deposition commences with the averment, `I am the plaintiff in the above stated cause,' and since the motion to quash was made upon the ground that the affidavit `is defective and insufficient because the said affidavit is entitled in a cause that was not pending at the time and for the reason that perjury cannot be assigned thereon,' it seems quite evident under the authorities that the writ must be quashed in view of the long line of cases so holding. Potter v.Cook (decided by a Circuit Court judge in 1907), was reported in 30 N.J.L.J. 206. There it was definitely held that an affidavit for bail was insufficient if entitled in the cause, the theory being that no cause is pending when the affidavit is made, and for that reason perjury cannot be assigned thereon. That case has been several times referred to in the decisions of the Supreme Court and the Court of Errors and Appeals (Kein v.Katz (1918), 92 N.J.L. 406), and has never been overruled. In the recent case in the Supreme Court of Vitalano v. Roffo
(1925), 3 N.J. Mis. R. 1130; 130 Atl. Rep. 815, Potter v.
Cook was approved and followed. In Stuerwald v. Furman
(1926), 4 N.J. Mis. R. 470; 133 Atl. Rep. 187, it was definitely followed likewise. In Van De Velde v. Colle
(1930), 8 N.J. Mis. R. 782; 152 Atl. Rep. 645, it was recognized that the entitling of the affidavit in a cause, where no such cause was pending, was fatal to its validity. InRauschbach v. Duval *Page 153 Food Products Co. (1933), 11 N.J. Mis. R. 900;168 Atl. Rep. 591, the same rule was recognized and applied, and therein it was pointed out that `there can be no distinction in this regard between an affidavit made for the purpose of obtaining an order for bail and an affidavit made for the purpose of obtaining an order for attachment, because the Attachment act specifically requires the same kind of an affidavit. The whole action is founded on it in either case.'
"It is suggested that the title may be regarded as surplusage. But that in cases like the present, the courts have declined to do for manifest reasons. Potter v. Cook, supra; Vitalano v.Ruffo, supra; Rauschbach v. Duval Food Products Co., supra.
"It is further suggested that I `amend or expunge' the objectionable matter and then give effect to what remains, but it is clear that I have no power so to do.
"Counsel may present a rule quashing the attachments."
The action of the lower court is reviewable on appeal.Hanford v. Duchastel, 87 N.J.L. 205; Sweeney v. Miner,88 Id. 361; Jaudel v. Schoelzke, 95 Id. 171.
The rule under review will be affirmed, for the reasons stated in the memorandum of Mr. Justice Trenchard, supra. The case of Potter v. Cook, cited by him, not being officially reported, it is proper to repeat the citations made in that case, of the New York decisions in Bronson v. Mitchell, 12 Johns. 460;Humphrey v. Cande, 2 Cow. 509, and Milliken v. Selye, 3Den. 54. The opinion in Kulich v. Kertacy, 12 N.J. Mis.R. 743; 174 Atl. Rep. 503, relied on by appellant, fully recognizes the rule in Potter v. Cook and that line of cases as applicable to an affidavit for bail or for attachment and is careful to distinguish between the affidavit, on which an order is founded, and the order itself.
The rule under review is affirmed. *Page 154 
 For affirmance — THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 13.
For reversal — None.