## KORB v. NEWSPAPER PM, Inc., et al.

### No. 1360.

District Court, D. New Jersey.

April 23, 1941.

Sol Kantor, of Perth Amboy, N. J., for plaintiff.

Crawford Jamieson, of Trenton, N. J., for defendants.

FORMAN, District Judge.

Plaintiff has filed in this court a complaint for damages arising out of an alleged libel against the defendants, the Newspaper PM, Inc., and Publications Research, Inc., both of which are corporations of the State of New York. At the time of the filing of the complaint plaintiff also filed with the clerk of this court an affidavit, the material parts of which follow:

"United States District Court For the District of New Jersey

"Abe Korb,
   Plaintiff
    v.
The Newspaper Pm, Inc., a body corporate of the State of New York and Publications Research, Inc., a body corporate of the State of New York,
   Defendants.

"Action at Law
"Affidavit

"State of New Jersey ⎱ ss.
County of Middlesex ⎰

"Abe Korb of full age being duly sworn on his oath according to law deposes and says:

 *  *  *  *  *

"3. That said cause of action arose within this State, in that the defendants above named, did on November 21, 1940 publish in their newspaper PM, as more particularly set forth in the complaint, a libelous and malicious article concerning

deponent, which article was to the injury of the deponent in his good name, fame and reputation and so forth and which article held the plaintiff up to ridicule, hatred and contempt amongst his neighbors, friends, business and social associates and other worthy citizens of the State and elsewhere.

"4. That the said defendants, The Newspaper PM, INC. and the Publications Research, Inc. are not residents of this state, nor do they maintain any office or offices within this state, nor any agent or employee upon whom legal service of process can be made, and, therefore, service of summons cannot be made upon the said defendants."

A writ of attachment against the property of the defendants within this state was issued, and upon the return thereof defendants entered a special appearance. Upon notice to the plaintiff a motion to quash was argued.

The notice of motion enumerates the following alleged defects in the attachment process:

"1. The affidavits relied upon by the plaintiff to obtain the writ are entitled in the cause and therefore void.

"2. The affidavits relied upon by the plaintiff to obtain the writ are not sufficient in law, in that they do not satisfy the nature and particulars of the plaintiff's cause of action.

"3. The affidavits relied upon by the plaintiff to obtain the writ do not set forth facts based on legal evidence showing that a summons cannot be served but merely state a conclusion.

"4. No bond has been ordered or filed as required by the statute prior to the issuance of the writ of attachment.

"5. Action cannot be properly instituted in the United States District Court under the statute upon which the plaintiff bases his cause of action.

"6. The words of the statute as required are not used in either the order or the writ of attachment."

Plaintiff argues that the defendants have improperly attacked the writ in that they should have obtained a rule out of this court for him, the plaintiff, to show cause why the writ should not be set aside with leave to take affidavits under which depositions might be taken.

The disposition of this problem depends upon the law of attachment of the State of New Jersey. Since the amount claimed is unliquidated, the applicable statutes are found in the Practice Act of 1903 now incorporated in Revised Statutes of New Jersey 1937, 2:42–72 et seq. N.J.S.A. 2:42–72 et seq. It is provided that " * * * The practice and procedure * * * in relation to the vacation of the writ when improperly issued [shall be] the same as for setting aside an order for bail." Revised Statutes of New Jersey, 1937, 2:42–76, N.J.S.A. 2:42–76.

The statutes of New Jersey provide the two following methods of attack against an order to hold to bail:

"Any justice of the supreme court or judge of the court out of which a capias ad respondendum shall issue may, on application and notice to plaintiff, determine the legality of an order to hold to bail and discharge a defendant illegally arrested in a civil action, whether or not bail has been given.

"Upon such application the justice or judge shall consider and determine the sufficiency, in fact as well as in law, of the proof upon which the order to hold to bail was founded, and, if the order is set aside, defendant shall be discharged from arrest and his bail, if any, shall be discharged. The action, however, shall not abate, but shall, unless otherwise ordered by the court or a judge, proceed as if commenced by summons." Revised Statutes of New Jersey, 1937, 2:27–77, N.J.S.A. 2:27–77.

"At any time within thirty days after his arrest in an action commenced by a capias ad respondendum, any defendant, whether or not he has given bail, may apply to a judge of the court out of which the capias issued, who may, on notice to plaintiff, make an order to take testimony as to the truth of the proofs upon which the order to hold to bail was made. Such testimony may be taken orally before the judge or in writing before a supreme court commissioner, supreme court examiner or master in chancery designated in the order, and, when in writing, shall be filed." Revised Statutes of New Jersey, 1937, 2:27–78, N.J.S.A. 2:27–78.

The first objection is directed at the affidavit, and the alleged defect concerns its being entitled in the cause. The materiality of that defect is based upon the fact that since no cause of action is pending at that time perjury cannot be assigned

thereon. Burleigh v. Sartain, 114 N.J.L. 151, 176 A. 169. Plaintiff undertakes to overcome this objection on the ground that his complaint was filed at the time of the filing of the affidavit. It will be unnecessary to determine the merits of this objection, since there are other patent irregularities on the face of the attachment process, any one of which is sufficient to support defendants' motion.

In the case of Hisor v. Vandiver, 83 N.J.L. 433, 85 A. 181, the court held that under the Practice Act, Revised Statutes of New Jersey, 1937, 2:42–72 et seq., N.J.S.A. 2:42–72 et seq. it must appear by legal evidence that the defendant is not a resident and that a summons cannot be served. It stated: "* * * Now, since a summons may be served personally upon, as well as at the place of abode of, a defendant, the legislative declaration that an attachment may issue where it appears that the defendant is a nonresident, and summons cannot be served, manifestly requires that the affidavit upon which the process of attachment is applied for shall contain legal evidence of the facts showing that the defendant is not only a nonresident of this state, but also that a summons cannot be served." 83 N.J.L. 433, 440, 85 A. 181, 183.

Accordingly, we conclude that plaintiff's affidavit setting forth that defendants "are not residents of this state, nor do they maintain any office or offices within this state, nor any agent or employee upon whom legal service of process can be made, and, therefore, service of summons cannot be made upon the said defendants" is insufficient. The affidavit fails to support the further essential allegation that the defendants cannot be served in New Jersey under any other method. It does not appear that plaintiff has utilized and exhausted unsuccessfully his efforts in this respect.

The Practice Act also provides that the order upon which the writ of attachment issues shall provide for a bond to be given by plaintiff.

"* * * The order shall prescribe the amount of the bond to be given by plaintiff to defendant with sufficient sureties to indemnify defendant for all damages resulting from the attachment and taxed costs of the action, if the action is discontinued or dismissed, or if judgment therein is given for defendant." Revised Statutes of New Jersey, 1937, 2:42–75, N.J.S.A. 2:42–75.

The order herein is defective because it does not provide for such a bond.

The above defects are apparent on the face of the order and writ of attachment. For that reason it is unnecessary for defendants to proceed on a rule to show cause supported with affidavits as suggested by plaintiff. Cf. Morris v. Quick, 45 N.J.L. 308, Baldwin v. Flagg, 43 N.J.L. 495, Shadduck v. Marsh, 21 N.J.L. 434.

The motion to quash the writ of attachment is granted.