CONRAD F. GOERINGER, PROSECUTOR, v. ANNIE E. YOUNG, ADMINISTRATRIX, ETC., OF ISAAC W. YOUNG ET AL., RESPONDENTS.

### Decided October 21, 1926.

**Attachment—Motion to Quash Writ—Circuit Court's Refusal— Affidavit Upon Which Writ Issued Showed That the Defendant was a Foreign Corporation, but Did Not Show That a Summons Could Not be Served in This State—Affidavit Held Defective and Order of Circuit Court Refusing to Quash Set Aside.**

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *King & Vogt.*

For the respondents, *W. Reading Gebhardt.*

PER CURIAM.

This writ brings up for review the proceedings upon the issuance of an attachment in an action of tort, by order of

a Supreme Court commissioner, under section 84 of the Practice act (3 *Comp. Stat., p.* 4076), together with the proceedings had before the judge of the Circuit Court upon a motion to quash, and the rule made by that court refusing to quash.

There is only one matter urged that requires our consideration, and that is that the basic affidavit used and relied upon by the Supreme Court commissioner in making his order directing the issuing of the writ does not contain the necessary facts to warrant such order.

That portion of the affidavit relating to the non-residence of the defendants, and inability to serve them with summons, is as follows:

"That the said Conrad F. Goeringer is a resident of the city of Wilkes-Barre, in the State of Pennsylvania, and is doing business under the trade name of the C. F. Goeringer Construction Company, and that the C. F. Goeringer Construction Company is not a corporation organized under the laws of the State of New Jersey, but purports and assumes to be a corporation of the State of Pennsylvania, with its principal office in the city of Wilkes-Barre, in the State of Pennsylvania, and that neither of the said defendants is a resident of the State of New Jersey at this time, within the meaning of the law, and that a summons cannot be served on either of said defendants in the State of New Jersey."

In *Hisor* v. *Vandiver,* 83 *N. J. L.* 433, Mr. Justice Kalisch said: "Now, since a summons may be served personally upon, as well as at the place of abode of, a defendant, the legislative declaration that an attachment may issue where it appears that the defendant is a non-resident, and summons cannot be served, manifestly, requires that the affidavit upon which the process of attachment is applied for shall contain legal evidence of facts, showing that the defendant is not only a non-resident of this state, but also that a summons cannot be served."

Measured by this rule the affidavit falls short of the legal evidence of facts as to inability to serve the defendants with a summons, and is therefore fatally defective, and the order for the issuance of the attachment was improvidently made.

The order of the Circuit Court, refusing to quash the writ, is therefore set aside, as is also the order of the Supreme Court commissioner directing the issuance of the writ, and the writ of attachment is quashed.