SAMUEL L. JONES, DEFENDANT IN CERTIORARI, v.
GEORGE ELLIS, PROSECUTOR IN CERTIORARI.

Submitted June 2, 1927—Decided November 25, 1927.

Attachment—Commissioner's Order Based Upon Affidavit Alone
—Practice Act Requires Proof—This Proof Means Competent
Proof, Legal Evidence, Testimony That Conforms to the
Fundamental Laws of Proof—Hearsay Evidence is Excluded
—Writ Should be Quashed.

On *certiorari*.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Rex A. Donnelly*.

For the defendant, *Powell & Erickson*.

PER CURIAM.

This writ seeks a review of an order of the Cumberland
Common Pleas, refusing to set aside an order of a Supreme
Court Commissioner awarding a writ of attachment in favor
of Samuel L. Jones, defendant herein, plaintiff below, against
George Ellis, prosecutor herein, defendant below, under sec-
tions 84, 85 and 86 of the Practice act. 3 *Comp. Stat.* 1910,
*p.* 4070. The motion testing the commissioner's order was
made on due notice, appearance in the matter being specifi-
cally limited to a test of the legal sufficiency of the commis-
sioner's order, the affidavit upon which the order was issued,
and for the purpose of quashing the writ issued thereon.

We are constrained to think that the Common Pleas should
have granted the motion of the defendant, prosecutor herein,
and for these reasons:

The commissioner's order is based upon the affidavit and
that alone, so far as appears. The affidavit alleges a con-
tract between the parties hereto for the erection of a house,
according to plans and specifications annexed to the contract,

but neither the contract nor the specifications are annexed to the affidavit, and hence the allegations therein, namely, that there is a cause of action, that defendant made a breach in his contract and that the damages were $300 arising out of the breach of contract, are mere conclusions of the deponent and the amount of damages hearsay.

Section 85 of said Practice act requires "proof" to be made of the existence of certain facts. This "proof" means competent proof, legal evidence, testimony that conforms to the fundamental rules of proof. Under this rule hearsay evidence is excluded. This rule is entirely settled in this state, the decisions are fully collected in a decision of the Court of Errors and Appeals. See *Jaudel* v. *Schoelzke*, 95 *N. J. L.* 171.

Tested by this rule, the affidavit in question and the order based thereon are insufficient, and the writ of attachment must be quashed, with costs.

It is accordingly so ordered.