FRANK W. HENRY, PLAINTIFF, v. ALFRED EDGAR FREEMAN, DEFENDANT.

Argued October 2, 1928—Decided March 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Wilfred B. Wolcott* and *S. Stanjer Izard.*

*Contra, James Mercer Davis.*

PER CURIAM.

This is a suit in attachment in an action of tort brought in the New Jersey Supreme Court by Frank W. Henry, plaintiff, against Alfred Edgar Freeman, defendant, under the Practice act, sections 84 and 85. Upon the plaintiff's affidavit the Supreme Court commissioner made an order directing a writ of attachment to issue to the plaintiff, but did not therein provide that it should be against the goods and lands, rights and credits, moneys and effects belonging to the defendant in the state. Writs of attachment issued, and then the defendant by his counsel appeared before a Supreme Court justice for the sole purpose of moving to set aside the order for attachment made by the Supreme Court commissioner herein and to quash the writs of attachment issued in this cause upon many grounds, three of which will be mentioned.

The plaintiff proceeded under the second clause of section 84 of the Practice act of 1903, which provides as follows:

"*Second.* That the plaintiff has a cause of action which arose in this state, the nature and particulars of which he shall specify, and that the defendant absconds from his creditors or is not a resident of this state, and that summons cannot be served; but no attachment shall issue hereunder against the rolling stock of a common carrier of another state or against the goods of a non-resident in transit in the custody of a common carrier of this or another state; or."

The only proof which the plaintiff produced before the Supreme Court commissioner was his own affidavit. The case the plaintiff attempts to make out by the affidavit is in tort for the alienation of the affections of his wife by the defendant.

The Practice act, section 85, requires, in effect, proof to be made by "legal evidence" of the existence of facts to show that the plaintiff has a cause of action the nature and particulars of which he shall specify. *Jones* v. *Ellis,* 5 *N. J. Mis. R.* 1028; *Jaudel* v. *Schoelzke,* 95 *N. J. L.* 171.

We believe that the affidavit is insufficient under the cases.

First, we think it fails to set forth legal evidence of essential facts, being in some instances merely the conclusion of the affiant, and is conspicuously insufficient as to those matters stated to be on "advice and belief."

Secondly, the Supreme Court commissioner held that it was proven to his satisfaction "that said Alfred Edgar Freeman absconds from his creditors, and is not a resident of the State of New Jersey, and that summons cannot be served in this cause." Here again we think the affidavit is insufficient in failing to set forth legal evidence that Alfred Edgar Freeman absconds from his creditors and is not a resident of this state and that summons cannot be served.

In *Hisor* v. *Vandiver,* 83 *N. J. L.* 433, Mr. Justice Kalisch (at *p.* 440) says:

"Now, since a summons may be served personally upon, as well as at the place of abode of, a defendant, the legislative declaration that an attachment may issue where it appears

that the defendant is a non-resident, and summons cannot be served, manifestly, requires that the affidavit upon which the process of attachment is applied for shall contain legal evidence of the facts, showing that the defendant is not only a non-resident of this state, but also that a summons cannot be served."

In *Goeringer* v. *Young,* 4 *N. J. Mis. R.* 859; 134 *Atl. Rep.* 756, the affidavit relating to the non-residence of the defendants and inability to serve them with summons was as follows:

"That the said Conrad F. Goeringer is a resident of the city of Wilkes-Barre, in the State of Pennsylvania, and is doing business under the trade name of the C. F. Goeringer Construction Company, and that the C. F. Goeringer Construction Company is not a corporation organized under the laws of the State of New Jersey, but purports and assumes to be a corporation of the State of Pennsylvania, with its principal office in the City of Wilkes-Barre, in the State of Pennsylvania, and that neither of the said defendants is a resident of the State of New Jersey at this time, within the meaning of the law, and that a summons cannot be served on either of said defendants in the State of New Jersey."

The court held in this case that the affidavit falls short of the "legal evidence" of facts as to inability to serve the defendants with a summons, and was fatally defective.

Third. The order for the writs of attachment is not the order required by the statute. It states that "a writ of attachment issue out of the Supreme Court of the State of New Jersey, in the sum of $100,000 be awarded to the said Frank W. Henry." In no way does the order direct that the writ of attachment be awarded against "the goods and lands, rights and credits, moneys and effects belonging to the defendant in this state," as provided by the eighty-fifth section of the Practice act. The order does not award the writ against the goods and lands, rights and credits, moneys and effects of the defendant in this state, but simply awards a writ of attachment to Frank W. Henry.

In *Hisor* v. *Vandiver, supra,* this question was raised and

as the writ of attachment in that case was quashed upon other ground the court comments on the order in this respect, as follows:

"Furthermore, it appears by the order that it awards a writ of attachment against R. M. Vandiver, whereas the act requires that it shall be awarded against the goods and chattels of the defendant."

It follows from what has been said that the order for the attachment must be set aside and the writs quashed, with costs.