HOWARD MILLER ET AL., PLAINTIFFS-RESPONDENTS, v. EDWARD WEINER ET AL., DEFENDANTS-PROSECU- TORS.

Argued August 16, 1933—Decided August 21, 1933.

Before Justice PERSKIE, at chambers, pursuant to statute.

For the defendants-prosecutors, *Robert A. Lederer*.

For the plaintiffs-respondents, *Franklin H. Berry*.

PERSKIE, J. This matter comes before me, on the return of a writ of *certiorari* to review a writ of attachment issued in purported compliance with paragraph 2, section 84, of the Practice act of 1907, as amended, and all proceedings had thereunder.

The plaintiffs' action instituted against the defendants-prosecutors, was based upon injuries and damages caused them through the alleged negligence of the defendants. It was an automobile accident case.

Among the reasons assigned for the quashing of the writ of attachment and setting aside or vacating all proceedings thereunder, was the following: "Reason 2. It does not set forth sufficient evidential facts as to non-residence and inability to serve with a summons."

The affidavit upon which the writ of attachment was awarded relating to non-residence and inability to serve the summons, is as follows (paragraph 7 of complaint) : "Said Edward Weiner and Frank Weiner are not, to deponents knowledge and belief residents at this time in the State of

New Jersey and summons cannot be served upon them in this state." The point is well taken. The affidavit is fatally defective. It is barren of "evidential facts" showing that the defendants are not only non-residents of this state, but, also that a summons cannot be served on them. *Hisor* v. *Vandiver*, 83 *N. J. L.* 433; 85 *Atl. Rep.* 181; *Jaudel* v. *Schoelzke*, 95 *N. J. L.* 171 (at *p.* 177); 112 *Atl. Rep.* 328; *Goeringer* v. *Young*, 4 *N. J. Mis. R.* 859; 134 *Atl. Rep.* 756; *Jones* v. *Ellis*, 5 *N. J. Mis. R.* 1028; 139 *Atl. Rep.* 419; *Henry* v. *Freeman*, 7 *N. J. Mis. R.* 263; 145 *Atl. Rep.* 107.

The aforesaid determination makes it unnecessary to treat the other reasons assigned. Accordingly the writ of attachment will be quashed and the proceedings had thereunder set aside, with costs.